J-S44023-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JEREMY RANDELL MULLIGAN :
:
Appellant : No. 145 WDA 2019

Appeal from the PCRA Order Entered July 24, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003020-2006

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:             FILED DECEMBER 10, 2019

Jeremy Randell Mulligan appeals from the order dismissing his pro se
"Petition for Modification of Relief," which the trial court deemed his fourth
petition filed under the Post Conviction Relief Act ("PCRA").[1] We conclude the
pro se filing was a nullity and the court erred in acting upon it. We therefore
vacate the order of the PCRA court and remand for proceedings consistent
with this memorandum.

A jury convicted Mulligan of attempted homicide and related crimes[2] in
2007, based on Mulligan's shooting of his girlfriend. The court sentenced him

_____

[1] See 42 Pa.C.S.A. §§ 9541-9546.

[2] The jury convicted Mulligan of attempted homicide, aggravated assault,
recklessly endangering another person, firearms not to be carried without a
license, and possessing an instrument of crime. See 18 Pa.C.S.A. §§ 2501(a),
2702(a)(1), 2705, 6106(a)(1), and 907(b), respectively.

to serve 23 ½ to 47 years' incarceration. We affirmed Mulligan's judgment of sentence on October 17, 2008.[3] Mulligan filed his first two PCRA petitions in 2009 and 2010.[4] The PCRA court dismissed both petitions, and this Court affirmed.[5]

Mulligan filed a third PCRA petition, with the assistance of counsel. Mulligan argued that his trial counsel was ineffective for failing to object to the trial court's attempted murder instruction, which allegedly permitted the jury to convict Mulligan of attempted third-degree murder, a legal impossibility. Mulligan also argued that his previous PCRA counsel were ineffective for failing to raise the claim of trial counsel's ineffectiveness. Mulligan asserted the petition was timely because the PCRA statute was subject to equitable tolling, and Mulligan had diligently pursued his rights through a direct appeal and multiple PCRA petitions. Approximately two months later, the PCRA court issued a Rule 907 notice of its intent to dismiss Mulligan's third petition without

_____

[3] See Commonwealth v. Mulligan, 964 A.2d 442 (Pa.Super. 2008) (unpublished memorandum).

[4] The court appointed counsel on Mulligan's first and second PCRA petitions. The court permitted counsel on the second petition to withdraw after the dismissal of the petition was under appeal, following a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

[5] See Commonwealth v. Mulligan, 23 A.3d 597 (Pa.Super. 2010) (unpublished memorandum); Commonwealth v. Mulligan, 47 A.3d 1242 (Pa.Super.) (unpublished memorandum), appeal denied, 50 A.3d 125 (Pa. 2012).

a hearing. See Pa.R.Crim.P. 907. Mulligan's counsel did not respond to the notice.[6]

Mulligan thereafter filed a pro se "Application for Assignment of Counsel." Mulligan asserted that he had hired counsel to represent him for filing his third petition, counsel had agreed to represent Mulligan through an appeal of the third petition, and Mulligan had been unable to contact counsel.

Before the court ruled on that Application, and while his third PCRA petition was still pending, Mulligan filed a pro se "Petition for Modification of Relief," in which he sought a Recidivism Risk Reduction Incentive ("RRRI") sentence ("the RRRI Petition").[7] The PCRA court did not forward a copy of this filing to Mulligan's counsel. Instead, the court treated it as a fourth PCRA petition,[8] and issued Rule 907 notice of its intent to dismiss it. The court stated that the petition was untimely and that, in any event, Mulligan's convictions for attempted homicide and aggravated assault disqualified him from RRRI

_____

[6] Mulligan filed a pro se response to the Rule 907 notice, upon which the PCRA court took no action.

[7] See 61 Pa.C.S.A. §§ 4501–4512.

[8] A filing which requests relief cognizable under the PCRA should be construed as a PCRA petition. See Commonwealth v. Deaner, 779 A.2d 578, 580 (Pa.Super. 2001). Because of our disposition, we need not determine whether Mulligan's request for RRRI eligibility was cognizable under the PCRA.

eligibility. The PCRA court thereafter issued a final order dismissing the RRRI Petition for the reasons stated in its Rule 907 notice ("the RRRI Order").[9]

Mulligan, through counsel, filed a notice of appeal from the RRRI Order.[10] The only issues Mulligan presents on appeal relate to the claims in his third PCRA petition, which is still pending in the PCRA court[11]:

> I. Whether Commonwealth v. Peterkin, 722 A.2d 638 (Pa. 1998), which holds that the PCRA statute doesn't recognize equitable tolling, was correctly decided under statutory construction principles. U.S. Const. admts. 6, 8, 14; Pa. Const. art. I, § 8, 9.
>
> II. Whether trial counsel was ineffective for failing to object to the trial court's attempted murder instruction because it permitted the jury to convict Mr. Mulligan for attempted third-degree murder – a non-existent criminal offense under the Pennsylvania Criminal Code. U.S. Const. admts. 6, 8, 14; Pa. Const. art. I, § 8, 9.

Mulligan's Br. at 3.

We cannot reach the merits of these issues. First, Mulligan filed a notice of appeal only from the RRRI Order. That order did not address the issues

_____

[9] The PCRA court did not send a copy of the Rule 907 notice or the RRRI order to Mulligan's counsel.

[10] Mulligan initially filed a pro se notice of appeal, but the trial court rejected it, as Mulligan had not included the proper filing fees. Mulligan filed another pro se notice of appeal, but we quashed that appeal as untimely. See Commonwealth. v. Mulligan, No. 1344 WDA 2018 (Pa.Super. Jan. 9, 2019) (per curiam order). Following a request by Mulligan's counsel, the PCRA court reinstated Mulligan's right to appeal the July 24, 2018 order.

[11] The PCRA court acknowledges that the third petition remains pending. See Trial Court Opinion, filed March 25, 2019, at 2 n.3.

raised in Mulligan's third PCRA petition, which remains pending before the PCRA court. Therefore, those issues and are not ripe for review.

Second, while a PCRA petitioner remains represented by counsel, he may not simultaneously represent himself, as hybrid representation is prohibited. Commonwealth v. Williams, 151 A.3d 621, 623 (Pa.Super. 2016). Allowing hybrid representation could undermine a petitioner's success by permitting the petitioner to advance a position in conflict with counsel's strategy, as well as "confuse and overburden the court." Commonwealth v. Ellis, 626 A.2d 1137, 1138, 1141 (Pa. 1993).[12] Accordingly, while a petitioner is represented by counsel, any pro se documents the petitioner files are considered legal nullities. Williams, 151 A.3d at 623; see also Commonwealth v. Ali, 10 A.3d 282, 293 (Pa. 2010). A court should take no action on such a document except to file it and forward copies to the defendant's attorney of record and the Commonwealth. Pa.R.Crim.P. 576(A)(4). Furthermore, although a PCRA petitioner has no right to counsel on a serial PCRA petition, see Commonwealth v. Kubis, 808 A.2d 196, 200 (Pa.Super. 2002), once counsel undertakes representation and becomes counsel of record, counsel is obligated to continue representation until the termination of the case, or the court has permitted counsel to withdraw. See

_____

[12] See also Commonwealth v. Jette, 23 A.3d 1032, 1036 (Pa. 2011) (stating PCRA courts are not required "to struggle through the pro se filings of defendants when qualified counsel represent those defendants") (quoting Commonwealth v. Pursell, 724 A.2d 293, 302 (Pa. 1999)).

Pa.R.Crim.P. 120(B)(1) & comment (citing Commonwealth v. Librizzi, 810 A.2d 692 (Pa.Super. 2002)).[13]

Here, Mulligan's counsel entered his appearance in conjunction with the filing of Mulligan's third PCRA petition. To date, Mulligan's counsel has not been granted leave to withdraw. Until such leave is granted, Mulligan's pro se filings, including his RRRI Petition, are without legal effect. We therefore vacate the RRRI Order.

We acknowledge that Mulligan's counsel was retained only to represent Mulligan in relation to his third PCRA petition, and a PCRA court may entertain multiple, serial PCRA petitions at the same time (unless an appeal of an earlier petition is pending). See Commonwealth v. Montgomery, 181 A.3d 359, 365 (Pa.Super.) (en banc), appeal denied, 190 A.3d 1134 (Pa. 2018). However, at the time Mulligan filed his pro se RRRI Petition, his third PCRA petition was still pending before the court and Mulligan's counsel remained counsel of record. The court should not have entertained Mulligan's pro se RRRI Petition while Mulligan was represented by counsel. We therefore vacate the order dismissing the pro se filing on its merits.

Order of July 24, 2018, vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

_____

[13] See also Commonwealth v. Brensinger, 2019 PA Super 265 at *7 (Aug. 30, 2019) (en banc) ("Counsel may not withdraw his representation until granted leave by the court").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/10/2019</u>