J-S09006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD EVANS :
:
Appellant : No. 56 EDA 2020

Appeal from the PCRA Order Entered November 22, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000679-2012

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED JULY 20, 2021**

Appellant, Donald Evans, appeals *pro se* from the November 22, 2019 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

The record demonstrates that, on October 4, 2012, a jury found Appellant guilty of two counts of aggravated assault (first degree felony), two counts of aggravated assault (second degree felony), and one count each of resisting arrest or other law enforcement, recklessly endangering another person, fleeing or attempting to elude a police officer, accidents involving damage to attended vehicle or property, and possession with intent to deliver

---

[1] On April 1, 2021, Appellant filed an objection with this Court to the inventory list and docket sheet provided as part of the original certified record. The issues raised in Appellant's submission do not hamper this Court's ability to undertake meaningful appellate review.

a controlled substance (cocaine).[2]  On November 7, 2012, the trial court sentenced Appellant to an aggregate 294 to 744 months' incarceration and ordered Appellant to pay fines totaling $178,300.00 and restitution in the amount of $3,906.00.[3]  Appellant filed a motion to reconsider his sentence, which the trial court subsequently denied.  This Court affirmed Appellant's

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1) and (a)(2) (first degree felonies), 2702(a)(3) and (a)(6) (second degree felonies), 5104, and 2705, 75 Pa.C.S.A. §§ 3733(a) and 3743(a), and 35 P.S. § 780-113(a)(30), respectively.  The trial court, in a non-jury trial, convicted Appellant of the summary offenses of reckless driving and accidents involving damage to unattended vehicle or property (2 counts).  75 Pa.C.S.A. §§ 3736(a) and 3745(a) (2 counts), respectively.

[3] The trial court sentenced Appellant as follows:  120 to 240 months' incarceration for one count of aggravated assault; 18 Pa.C.S.A. § 2702(a)(2) (first degree felony); 39 to 120 months' incarceration for one count of aggravated assault, 18 Pa.C.S.A. § 2702(a)(6) (second degree felony); 9 to 24 months' incarceration for resisting arrest or other law enforcement; 12 to 24 months' incarceration for recklessly endangering another person; 30 to 84 months' incarceration for fleeing or attempting to elude a police officer; 6 to 12 months' incarceration for accident involving damage to attended vehicle or property; and 78 to 240 months' incarceration for possession with the intent to deliver a controlled substance (cocaine).  All of Appellant's sentences were to run consecutive.  The trial court did not order incarceration for Appellant's three summary offense convictions.

The trial court ordered Appellant to pay fines in the amount of: $25,000.00 for aggravated assault, 18 Pa.C.S.A. § 2702(a)(2) (first degree felony), $25,000.00 for aggravated assault, 18 Pa.C.S.A. § 2702(a)(6) (second degree felony), $100,000.00 for possession with the intent to deliver a controlled substance (cocaine), $5,000.00 for resisting arrest or other law enforcement, $5,000.00 for recklessly endangering another person, $15,000.00 for fleeing or attempting to elude a police officer, $2,500.00 for accident involving damage to attended vehicle or property, $200.00 for reckless driving, and $300.00 each for the two convictions for accidents involving damage to unattended vehicle or property.

judgment of sentence on September 9, 2013. *Commonwealth v. Evans*, 2013 WL 11253747 (Pa. Super. 2013) (unpublished memorandum).

Appellant subsequently filed a petition for appointment of counsel with our Supreme Court, and, on February 12, 2014, our Supreme Court remanded the case to the trial court for the purpose of determining whether appellate counsel, Clinton Johnson, Esquire ("Attorney Johnson"), was permitted to withdraw. *Per Curiam* Order, 2/12/14 (stating that, "[f]ollowing the trial court's entry of its order regarding [Appellant's] representation status, [Appellant] shall have 30 days to file a Petition for Allowance of Appeal").

On April 14, 2014, the trial court permitted Attorney Johnson to withdraw and appointed Timothy P. Walsh, Esquire ("Attorney Walsh") as counsel for Appellant. On May 13, 2014, Appellant filed a petition for allowance of appeal with our Supreme Court, and, on December 10, 2014, our Supreme Court denied Appellant's request. *Commonwealth v. Evans*, 104 A.3d 523 (Pa. 2014).

On July 29, 2015, Appellant filed *pro se* a PCRA petition. The PCRA court appointed Stephen D. Molineux, Esquire ("Attorney Molineux") as counsel for Appellant. Between December 2015 and July 2018, the PCRA court granted Attorney Molineux fourteen requests for an extension of time in which to file an amended PCRA petition. On September 27, 2018, the PCRA court conducted a *Grazier*[4] hearing for the purpose of determining whether

---

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Attorney Molineux should be permitted to withdraw as Appellant's counsel and whether Appellant should be permitted to represent himself or if new counsel should be appointed. N.T., 9/27/18, 3-40. On October 17, 2018, the trial court granted Attorney Molineux's request to withdraw as counsel, denied Appellant's request to represent himself, and appointed Michael S. Dugan, Esquire ("Attorney Dugan") as PCRA counsel. On December 13, 2018, Lisa M. Lattanzi, Esquire ("Attorney Lattanzi") entered her appearance on behalf of Appellant as retained PCRA counsel.

On April 18, 2019, Attorney Lattanzi filed an amended PCRA petition. The PCRA court conducted a hearing on October 2, 2019, and subsequently denied Appellant's petition on November 22, 2019. On December 18, 2019, Appellant filed *pro se* a notice of appeal, and on January 13, 2020, he filed *pro se* a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court scheduled a ***Grazier*** hearing on April 2, 2020, but because of our Supreme Court's declaration of a general statewide judicial emergency due to the COVID-19 pandemic,[5] the PCRA court was unable to conduct the hearing, and the matter was rescheduled for June 26, 2020. On April 14, 2020, Appellant filed *pro se* a second Rule 1925(b) statement. On April 15, 2020, the PCRA court granted Attorney Lattanzi leave

_____

[5] ***In re: General Statewide Judicial Emergency***, 228 A.3d 1281 (Pa. 2020) (*per curiam* order); ***see also In re: General Statewide Judicial Emergency***, 229 A.3d 229 (Pa. 2020) (*per curiam* order); ***In re: General Statewide Judicial Emergency***, 230 A.3d 1015 (Pa. 2020) (*per curiam* order).

to withdraw as PCRA counsel for Appellant. The PCRA court conducted a *Grazier* hearing on June 26, 2020, and subsequently granted Appellant's request to represent himself on appeal. PCRA Court Order, 7/8/20. The PCRA court filed its Rule 1925(a) opinion on September 9, 2020.[6]

Appellant raises the following issue for our review:

1.  Whether trial counsel [was] ineffective for all of his acts and/or omissions, albeit not limited to, deficient performance at trial, and whether all subsequent counsel were ineffective for failing to argue that prior counsel [was] ineffective for not raising record[-]based claims that should have been raised on direct appeal and PCRA review?

2.  Whether PCRA counsel[, Attorney Molineux,] colluded with the prosecution to conceal record[-]based claims, *via* intentional destruction of [] Appellant's file, and thus exercising inordina[te] delay, refusing to litigate record[-]based claims, testifying falsely[,] and presenting known false evidence to deceive a court?

3.  Whether retained PCRA counsel[, Attorney Lattanzi, was] ineffective [when] she failed to subpoena [a potential witness] and did not subpoena records[ or] favorable exculpatory evidence that prove[d] Appellant's innocence, albeit not limited to, failing to subpoena the [] notes of testimony relating to [] Appellant's trial, [] which contained record[-]based claims that should have been raised in [] Appellant's amended [PCRA] petition?

---

[6] The PCRA court did not order, nor was it necessary to order, Appellant to file a Rule 1925(b) statement because Appellant filed a *pro se* Rule 1925(b) statement in close proximity to the filing of his *pro se* notice of appeal. **Commonwealth v. Snyder**, 870 A.2d 336, 341 (Pa. Super. 2005) (stating, "It is of no moment that appellant was not ordered to file a 1925(b) statement. Appellant filed his statement contemporaneously with his notice of appeal. Accordingly, there was no need for the trial court to order him to file a 1925(b) statement.").

4. Whether the [trial court] violated [] Appellant's guaranteed right to a public trial?

5. Whether the Commonwealth purposely excluded members of [] Appellant's race from service on the petite jury, and [on] the venire, [where] Appellant's race [was] substantially underrepresented?

6. Whether the prosecution exercised egregious misconduct, *via* withholding favorable exculpatory evidence at trial, [] which potentially exonerate[d] Appellant, *i.e., Brady*[7] violation(s)?

7. Whether the Prospect Park [Police Department's] insurance claim[] prove[d Appellant's] innocence [] where the insurance claim [was] withheld at trial and reveal[ed] that Chief [of Police] Engel, and/or the Prospect Park [Police Department,] were responsible for the collisions that occurred [on] October 25, 2011?

8. Whether the Commonwealth witness, Sherryl Van[-]Vladricken[,] received favorable treatment in exchange [for] testify[ing] against [] Appellant, [] where she was found in possession of the narcotic[s] in question, and [] where she [was] cited for disorderly conduct[] and the contents of the citation were never disclosed at trial, including, albeit not limited to, the narcotics that were discovered on her and a physical copy of the citation itself?

9. Whether the [trial court] erred [by providing] improper reasonable doubt [] jury instructions, [] which affected the framework within which [the] trial proceed[ed] rather than simply an [error] in [the] trial process itself?

10. Whether the prosecution, *via* [Assistant District Attorney] Mary Mann and District Attorney Bill Toal[,] exercised egregious misconduct?

11. Whether the Commonwealth exercised fraud upon the court[] and colluded in calculated schemes to deceive a court [by] making false testimony appear true and reliable,

---

[7] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[presenting] known false evidence, and tampering with and/or altering the record?

12. Whether the Commonwealth withheld large portions of the notes of testimony prior to the October 2, 2019 PCRA evidentiary proceeding?

13. Whether [] Appellant's arrest and conviction [are] void *ab initio* [] because a verdict without a jury is non[-]existent[] and [] where the [trial court] exercised structural [error], finding [] Appellant guilty [from] the bench, and [] where the jury had not found [] Appellant guilty beyond a reasonable doubt?

14. Whether the PCRA court denied [] Appellant a full and fair PCRA evidentiary hearing?

15. Whether the Commonwealth violated the laws and treaties of the United States with respect to extradition [] where, [] Appellant did not sign any waiver of extradition, and [was] deemed to contest the accuracy of the information/detainer/complaint and/or tainted conviction that [was] procured *via* fraud?

16. Whether Pennsylvania has a savings clause with respect to the repeal of law and changes that were made in the year 1968?

17. Whether the Commonwealth violated the *ex post facto* clause[] with respect to mandatory minimum sentences [imposed pursuant to] 42 Pa.C.S.A. [§] 9714 and 18 Pa.C.S.A. [§] 7508?

18. Whether [] Appellant is entitled to relief under **Alleyne v. United States**, [] 133 S.Ct. 133 [] (2013) [] where [] Appellant's appeal [was] pending [] when **Alleyne** [was] decided, [] where 42 Pa.C.S.A. [§] 9714 is unconstitutional as drafted, [] where 18 Pa.C.S.A. [§] 7508 is unconstitutional and unenforceable[,] and [] where both sentencing schemes violated due process under the 14th Amendment [of the United States Constitution], [which] also constitutes double jeopardy under the 5th Amendment?

19. Whether the Commonwealth failed to adhere to the dictates of 42 Pa.C.S.A. [§] 9714 and 18 P[a].C.S.A. [§] 7508?

20. Whether [] Appellant [was] properly indicted[ ]*via* [a] grand jury and/or the prosecution?

Appellant's Brief at XV-XIX (extraneous capitalization omitted).

Preliminarily, we address the propriety of Appellant's notice of appeal that was filed *pro se* while Appellant was represented by PCRA counsel and which forms the basis of our jurisdiction. The right to representation by counsel, whether retained or appointed,[8] continues throughout the post-conviction proceedings, including any appeal from the disposition of the petition, and counsel may only withdraw from representation upon leave of court. ***Commonwealth v. White***, 871 A.2d 1291, 1293-1294 (Pa. Super. 2005); ***see also*** Pa.R.Crim.P. 120(A)(4) (stating, "[a]n attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court"). Moreover, "once an appearance is entered, the attorney is responsible to diligently and competently represent the client until his or her appearance is withdrawn. This responsibility includes filing an appeal when the client so requests." ***Commonwealth v. Librizzi***, 810 A.2d 692, 693 (Pa. Super. 2002) (citation to Pennsylvania Rules of Professional Conduct 1.1 and 1.3 omitted).

---

[8] A petitioner has a rule-based right to counsel on the petitioner's first PCRA petition and if the petitioner is unable to afford or otherwise procure counsel, the PCRA court is obligated to appoint counsel. ***See*** Pa.R.Crim.P. 904(C).

Hybrid representation is not permitted in this Commonwealth and, with limited exception, courts do not act upon *pro se* filings from a defendant who is represented by counsel. ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016) (stating, except for the filing of a *pro se* notice of appeal, a motion to proceed *pro se* or for the appointment of new counsel, or a *pro se* brief filed in response to counsel's petition to withdraw, *pro se* filings are legal nullities having no legal effect). Rather, the trial court, upon receiving a *pro se* filing from a defendant who is represented by counsel shall, *inter alia*, note on the docket the nature of the *pro se* filing, including its date of submission, and forward the *pro se* filing to counsel of record. ***Id.***; ***see also*** Pa.R.Crim.P. 576(A)(4) (stating, "In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time[-]stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.").

One exception to the prohibition against the trial court's acceptance of, and acting upon, a *pro se* filing from a defendant who is represented by counsel concerns the *pro se* filing of a notice of appeal because the filing of such a notice protects the defendant's constitutional right to an appeal. ***Williams***, 151 A.3d at 624; ***see also*** PA Const. Art. 5, § 9 (stating, "[t]here

shall be a right of appeal in all cases" from the trial court to this Court). When a defendant who is represented by counsel files a *pro se* notice of appeal with the trial court, the trial court shall, *inter alia*, accept the notice of appeal, time stamp it with the date of receipt, make a docket entry reflecting the date of receipt, forward a copy of the time-stamped notice of appeal to the defendant's attorney and the attorney for the Commonwealth, and forward a copy of the time-stamped notice of appeal to this Court.[9]  Pa.R.Crim.P. 576(A)(3) and (A)(4); **see also** Pa.R.A.P. 902 (stating, "[a]n appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed").

Here, on December 18, 2019, Appellant filed *pro se* a notice of appeal of the November 22, 2019 order denying his petition while he was still represented by PCRA counsel, Attorney Lattanzi.  A review of the PCRA court docket demonstrates that while the PCRA court entered Appellant's *pro se* notice of appeal on the docket and sent a copy of the time-stamped notice of appeal to this Court, the docket does not indicate that the PCRA court sent a copy of the time-stamped notice of appeal to Attorney Lattanzi, or an attorney for the Commonwealth, pursuant to Rule 576(A)(4).  Upon Appellant's timely and unequivocal request to conduct an appeal *pro se*, the PCRA court

---

[9] Upon receipt, this Court shall docket the *pro se* notice of appeal received from the trial court even in the instance where the defendant is represented by counsel in the trial court.  210 Pa. Code § 65.24.

conducted a *Grazier* hearing on June 26, 2020, to determine if Appellant waived his rule-based right to counsel knowingly, intelligently, and voluntarily.[10]  *Grazier*, 713 A.2d at 82.  Finding that Appellant adamantly refused to have new PCRA counsel appointed to represent him on appeal, the PCRA court granted Appellant's request to proceed *pro se*.  PCRA Court Order, 7/8/20.  Therefore, we find that Appellant filed a timely notice of appeal, albeit *pro se*, thereby, invoking the jurisdiction of this Court.

Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).  "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted).  In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90

---

[10] The PCRA court's failure to properly notify Appellant's counsel of record of the filing of a *pro se* notice of appeal constitutes a breakdown in the court system.  The PCRA court, however, provided notice, *inter alia*, to Appellant and Attorney Lattanzi of the *Grazier* hearing, and Attorney Lattanzi was aware of Appellant's *pro se* notice of appeal as demonstrated by her request to withdraw as counsel, which the PCRA court granted on April 15, 2020.

A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

A petitioner is eligible for relief under the PCRA if the petitioner pleads and proves by a preponderance of the evidence, *inter alia*, that his, or her, conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2)(i-viii). In addition, the allegation of error must not have been previously litigated or waived. **Id.** at § 9543(a)(3). An allegation of error has been previously litigated if "the highest appellate court in which

the petitioner could have had review as a matter of right has ruled on the merits of the issue" or the alleged error "has been raised and decided in a proceeding collaterally attacking the conviction or sentence." **Id.** at § 9544(a)(2) and (a)(3). The allegation of error is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." **Id.** at § 9544(b).

As a general rule, an issue that has not been raised before the PCRA court is waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); **see also Commonwealth v. Albrecht**, 720 A.2d 693, 698-700 (Pa. 1998). Moreover, in order to preserve an issue raised before the PCRA court for appellate review, the issue must be included in the petitioner's Rule 1925(b) statement. **Snyder**, 870 A.2d at 341 (stating that, waiver of an issue for failure to raise it in a Rule 1925 statement is automatic), *citing* **Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002).

Here, a review of Appellant's amended PCRA petition demonstrates that he raised three issues before the PCRA court. Those issues included a claim that trial counsel, Christopher Boggs, Esquire ("Attorney Boggs"), was ineffective for failing to call a potential witness on behalf of Appellant at trial, that Appellant's consecutive sentences on the aggravated assault convictions (18 Pa.C.S.A. §§ 2702(a)(2) and (a)(6)) were illegal because the aggravated assault convictions should have merged for sentencing purposes, and that Appellant's sentence for possession with the intent to deliver a controlled

substance (cocaine) and his consecutive mandatory minimum sentences for his aggravated assault convictions were illegal pursuant to, *inter alia*, **Alleyne, supra**. Appellant's Amended PCRA Petition, 4/18/19, at ¶¶ 12, 20-21. After filing his *pro se* notice of appeal, Appellant filed two *pro se* Rule 1925(b) statements. In his first Rule 1925(b) statement filed January 13, 2020, Appellant raised 24 issues, and, in his second Rule 1925(b) statement filed April 14, 2020, he raised 21 issues. Within the context of these two Rule 1925(b) statements, Appellant set forth claims of error with regard to trial counsel's ineffectiveness for failing to call a potential witness and the alleged illegality of his sentences. **See** Appellant's Rule 1925(b) Statement, 1/13/20, at ¶¶ 1-4, 11; **see also** Appellant's Rule 1925(b) statement, 4/14/20, at ¶¶ 13, 17-18. Therefore, we find Appellant preserved for appellate review his claims of ineffective assistance of trial counsel for failure to call a potential witness and the alleged illegality of his sentences. Appellant's remaining claims presented in his Rule 1925(b) statements, which include, *inter alia*, claims of structural error, prosecutorial misconduct, **Brady** violations, and a **Batson**[11] violation, are waived, *inter alia*, because these issues were not raised before the PCRA court. Pa.R.A.P. 302(a); **see also Albrecht**, 720 A.2d at 698-700.

The waiver of an issue, however, may be excused if the petitioner is able to plead and prove by a preponderance of the evidence that

_____

[11] **Batson v. Kentucky**, 476 U.S. 79 (1986).

ineffectiveness of counsel led to the waiver of the issue. **Albrecht**, 720 A.2d at 700 (stating, "a PCRA petitioner's waiver will only be excused upon a demonstration of ineffectiveness of counsel in waiving the issue"). Here, Appellant raises a claim of ineffective assistance of original-jurisdiction PCRA counsel, Attorney Lattanzi, as follows:

> [Appellant] avers a layered claim of ineffective assistance of counsel[ as to Attorney Lattanzi, who] rendered ineffective assistance of counsel [when she:] (1) failed to raise [a claim of] ineffective assistance [as to] all prior counsel of record including, albeit not limited to, Norma Beatty[,] Esquire, [Attorney Boggs, Attorney Johnson, Attorney Walsh, and Attorney Molineux, on the grounds that] there were appealable issues obvious from the face of the trial record[] that were overlooked[ and upon which Appellant] would have prevailed had such issues been litigated and/or raised[;] (2) [] failed to raise structural error [that occurred at the trial court level;] (3) [] failed to raise and litigate [Appellant's **Batson**] violation claim[;] (4) [] failed to raise and litigate [Appellant's **Brady**] violation claim(s)[;] (5) [] failed to raise ineffective assistance of trial counsel claim(s), for [] all of [trial counsel's] acts and/or omissions[, including] abandonment[;] (6) [] failed to submit [Appellant's] sworn affidavit[;] (7) failed to subpoena [Appellant's] witness(s) for the October 2, 2019 PCRA proceeding[; and] (8) [] failed to [raise claims of] judicial and [prosecutorial] misconduct [during the course of Appellant's trial]. . . . [Appellant] contends that he was prejudiced by all of the acts and [] omissions of PCRA counsel[, Attorney Lattanzi,] and but for her deficient performance, the outcome of the proceedings would have been different.

Appellant's Rule 1925(b) Statement, 4/14/20, at ¶4 (extraneous capitalization omitted). Recently, our Supreme Court, in **Commonwealth v. Shaw**, 247

A.3d 1008 (Pa. 2021), held that the current state of the law[12] dictates that, "claims of ineffective assistance of original-jurisdiction [PCRA] counsel cannot be raised for the first time on appeal." **Shaw**, 247 A.3d at 1016 (citation omitted). Therefore, Appellant cannot raise a claim challenging the performance of original-jurisdiction PCRA counsel, *to wit* Attorney Lattanzi, for the first time on appeal. Consequently, we cannot consider the merits of Appellant's ineffectiveness claim as it pertains to Attorney Lattanzi[13] and, thus, cannot address the merits of Appellant's underlying claims which were waived for failure to raise them before the PCRA court within the context of a layered ineffectiveness analysis.

We now turn to the three issues Appellant preserved for appellate review, namely the ineffective assistance of Attorney Boggs for failure to call a potential witness, an illegal sentence based upon a failure to merge

---

[12] The **Shaw** Court noted that it granted *allocator* to address the issue of whether "the Supreme Court procedural rules committee [should] consider amending the rules concerning post-PCRA motion practice for first-time petitioners to provide them with a better opportunity to raise claims concerning PCRA counsel's ineffective assistance." **Shaw**, 247 A.3d at 1016 n.7, *citing* **Commonwealth v. Bradley** 237 A.3d 1068 (Pa. Super. 2020) (unpublished memorandum), *appeal granted*, 241 A.3d 1091 (Pa. 2020).

[13] We are cognizant that in order to preserve his claim of ineffective assistance of original-jurisdiction PCRA counsel, Attorney Lattanzi, under the current state of the law, Appellant would need to raise this issue in a subsequent PCRA petition, as filing a request for leave to amend a pending petition or filing a response to a Rule 907 notice, two additional methods for raising this issue before the PCRA court, are no longer viable options for Appellant given the procedural posture of the instant case.

convictions for purposes of sentencing, and an illegal sentence based upon, *inter alia*, **Alleyne**.

> To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. **Commonwealth v. Steele**, 961 A.2d 786, 796 (Pa. 2008). With regard to the second, *i.e.*, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's action or inaction. **Commonwealth v. Dennis**, 950 A.2d 945, 954 (Pa. 2008).

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013), *appeal denied*, 74 A.3d 1030 (Pa. 2013).

"A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." **Matias**, 63 A.3d at 811 (citation omitted). In order to establish ineffectiveness for failing to call a potential witness to testify at trial, the petitioner must prove that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

- 17 -

*Id.* at 810-811 (citations omitted). In order to establish prejudice, the petitioner "must show how the [potential witness's] testimony would have been beneficial under the circumstances of the case" and "helpful to the defense" such that the absence of the testimony denied the petitioner a fair trial. *Id.* at 811 (citation omitted); *see also Commonwealth v. Chmiel*, 889 A.2d 501, 546 (Pa. 2005) (citation omitted) (holding, "[t]rial counsel's failure to call a [potential witness] does not constitute ineffective assistance without some showing that the [potential] witness'[s] testimony would have been beneficial or helpful in establishing the asserted defense"), *cert. denied*, 549 U.S. 848 (2006).

A potential witness's affidavit, provided the affidavit is attached to the PCRA petition, may be sufficient to establish by a preponderance of the evidence that the potential witness existed, was available, was willing to testify at trial, and that the potential witness's testimony could have provided material evidence. *Commonwealth v. Davis*, 554 A.2d 104, 111 (Pa. Super. 1989), *appeal denied*, 571 A.2d 380 (Pa. 1989). As such, an affidavit attached to a PCRA petition can be cited to establish that a petitioner's claim of ineffective assistance of counsel has arguable merit. *Commonwealth v. Carter*, 661 A.2d 390, 395 (Pa. Super. 1995), *appeal denied*, 675 A.2d 1242 (Pa. 1996); *see also Commonwealth v. Brown*, 196 A.3d 130, 167 (Pa. 2018) (relying on an affidavit attached to the PCRA petition to establish that the witness was available to testify).

It is well-settled on collateral relief that counsel is presumed effective in his, or her, representation of a client and that it is incumbent upon the party challenging counsel's effectiveness to demonstrate, by a preponderance of the evidence, that counsel's act, or omission, constituted ineffective assistance. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).  Therefore, if a petitioner demonstrates, by way of an affidavit or other evidence, arguable merit and prejudice in counsel's failure to call an available witness, then, as the final component of the petitioner's ineffectiveness claim, the petitioner need only prove that counsel lacked a reasonable basis for his, or her, act or omission.  ***Id.***

> In his *pro se* brief, Appellant argues,
>
> that [the potential witness was] present at trial and available to testify[,] ***see*** [N.T.,] 10/2/12[,] 17-18[.]  There was no reasonable basis for [Attorney Boggs] not to call [the potential witness] to testify.  [The potential witness] provided a [n]otarized statement to [Attorney] Molineux and contact information in [] 2015[.  Attorney] Molineux lost [the potential witness's] contact information, and [Attorney] Lattanzi was provided the location and contact information of [the potential witness.  Attorney] Lattanzi did not prepare a subpoena for [the witness to appear at the PCRA hearing], to where she represented conflicting [] interest[s], and those conflicting interest[s] adversely affected her performance.  [Appellant] retained [a] private investigator [who] contacted and interviewed [the potential witness,] ***see*** [Appellant's Brief at Exhibit K.]  Clearly, [the potential witness] intended to testify at the October 2, 2019 PCRA proceeding, and continues to make himself available in order to testify on behalf of [] Appellant.

Appellant's Brief at 42-43.  At the PCRA hearing, Attorney Lattanzi stated,

> Attempts were made to locate [the potential witness].  It is our understanding after looking at his whereabouts that he is currently

in some kind of inpatient facility[.] Given the nature of that, obviously I can't get to him due to [] privacy laws. That is why he is not here today. It is our position that he should have been called at the time of trial, he was present at the time of trial, he was willing to testify at the time of trial[,] this was made known to [Attorney] Boggs. That would be the sum and substance of the hearing for today's purposes. [A]lso [Appellant] would have testified that he had requested [Attorney] Boggs to ask for additional documents and conduct other discovery at the trial level, which wasn't done.

N.T., 10/2/19, at 4. To demonstrate the potential witness's availability and willingness to testify on Appellant's behalf at the time of trial, Attorney Lattanzi pointed to the potential witness's affidavit, which she attached to Appellant's amended PCRA petition. *Id.* at 5. Attorney Lattanzi proffered,

[The potential witness's affidavit] is dated May 31, 2015[, and] signed by [the potential witness. The affidavit] outlined exactly what he would have testified to. I believe [Appellant] has been prejudiced not only by [Attorney] Boggs' ineffectiveness, but also [by Attorney] Molineux [who] was counsel during this time period when this affidavit was presented. As Your Honor is aware there was essentially no activity for this three[-]year period until Your Honor held the *Grazier* hearing[,] I believe in December 2018. I think that[, as] well[,] prejudiced [Appellant] because here we are now October 2, 2019[, and the potential witness] is unavailable due to whatever the circumstances are of his unavailability. [Appellant] is [at a] severe disadvantage because of that.

*Id.* at 5-6.

Turning to the merits of Appellant's ineffectiveness claim, we are persuaded that, while the record contains some proof of both arguable merit and prejudice, the claim must be rejected because Appellant has not shown, by a preponderance of evidence, that trial counsel lacked a reasonable strategy in forgoing the presentation of the potential witness at trial.

- 20 -

On its face, the affidavit attached to the amended PCRA petition suggested arguable merit in Appellant's claim of ineffective assistance of trial counsel. *See Carter*, 661 A.2d at 395, *see also Brown*, 196 A.3d at 167, *Davis*, 554 A.2d at 111. A review of the affidavit reveals that Attorney Boggs interviewed the potential witness, who expressed his "desire to testify on [Appellant's] behalf [regarding] what [he] witnessed on the date of [the incident]." Appellant's Amended PCRA Petition, 4/18/19, at Exhibit A. Specifically, the potential witness asserted that if permitted to testify, he would have refuted "any claim that [Appellant] possessed narcotics at the time of his arrest[,] that [Appellant] was non[-]compliant during his arrest[, and] that [Appellant] was wearing a green jacket, while hand[-]cuffed laying on the ground, purportedly throwing the jacket over his head onto the ground [] where officers are said to have discovered narcotics." *Id.* The affidavit demonstrates that the potential witness existed, was available, and willing to testify at trial, and that his testimony could have provided material evidence. Moreover, trial counsel knew of the existence of this potential witness prior to the start of trial. N.T., 10/2/12, at 18 (stating, "[t]he witnesses that were at the CVS [Pharmacy, including the potential witness,] and that may have seen any kind of corruption, I saw those names for the first time yesterday. And that's where our investigator is right now, is out there looking for those people.").

The PCRA court improperly rejected the arguable merit prong of Appellant's ineffectiveness claim because it undertook an irrelevant inquiry

when it held that Appellant failed to "demonstrate [that] the [potential] witness was available or willing to testify **in [a PCRA] evidentiary hearing**." PCRA Court Opinion, 9/9/20, at 16 (stating, "[Appellant] could not demonstrate the [potential] witness was available or willing to testify in [a PCRA] evidentiary hearing"). As our case law makes clear, Appellant needed only to demonstrate, by a preponderance of the evidence, that the potential witness existed **at the time of trial**, was available and willing to testify **at the time of trial**, that trial counsel knew of the witness **at the time of trial**, and that the witness could have provided material, testimonial evidence **at trial**. The arguable merit prong of Appellant's ineffectiveness claim should not have been rejected for the reason cited by the PCRA court.

The affidavit further suggested proof that trial counsel's omission caused prejudice. In the affidavit, the potential witness claims to have witnessed Appellant's encounter with the police.[14] If believed, the potential witness's

_____

[14] In his affidavit, the potential witness attested that,

> At [the time of the incident,] I was at the CVS store when I [] observed two white males seemingly running behind a black male[, who appeared to have a] similar build to [Appellant.] As I was standing directly in front of the CVS store, I [] observed that this black male, later identified as [Appellant,] was wearing a cream[-]colored shirt and blue jeans. I could not determine the color of his [footwear], but it appeared to be green in color. [Appellant ran] towards the side of the CVS store building, [and] the two white males [followed] him. By [this] time, police were coming from every direction[.] One police car [] almost struck [Appellant] near a grass[y] area, [] where [Appellant] came to a stop, [kneeled] down, then [laid] down across the grass. The two

testimony could have contradicted the testimony offered by the Commonwealth's witnesses with respect to Appellant's encounter with the police in the area surrounding the CVS pharmacy. *See* N.T., 10/3/12, at 134-143, 166-170, 180-181. Nonetheless, Attorney Boggs did not produce the potential witness at Appellant's trial. In fact, Attorney Boggs did not offer any witnesses in Appellant's defense. N.T., 10/4/12, at 46. The substance of the affidavit tends to show that the witness's testimony "would have been beneficial or helpful in establishing [Appellant's] asserted defense[.]" *Chmiel*, 889 A.2d at 546.

Because the affidavit offers some proof of arguable merit and prejudice, we focus our attention upon the reasonableness of trial counsel's strategy, the second prong of the ineffectiveness inquiry. The decision by trial counsel to present, or forgo, a witness's testimony at trial is based upon a strategy

---

white males [appeared to] hold [Appellant] until [a police] officer arrived. [Appellant] did not put up a struggle from what I observed and was very compliant. As the [police] officer placed [handcuffs] on [Appellant] as he [laid] with his face down, I [saw] [] one [police] officer plant his knee in [Appellant's] back, then pull out a taser and fire it to the back of [Appellant's] head. This taser was applied after [Appellant] was [handcuffed] despite [Appellant] being compliant. [Thereafter,] the two white males that were present [] began to kick [Appellant] in the head while he was being tasered. As another [police] officer arrived, that particular [police] officer began kicking [Appellant]. The [police] officer who initially used the taser on [Appellant] [] began to knee [Appellant] in the back and then began using his fist to punch [Appellant].

Appellant's Amended PCRA Petition, 4/18/19, at Exhibit A

designed to assert a beneficial defense. ***Commonwealth v. Sneed***, 45 A.3d 1096, 1107 (Pa. 2012) (stating, "[w]here matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he[, or she,] chose a particular course that had some reasonable basis designed to effectuate his[, or her,] client's interests." (citation omitted)). As stated, in the context of collateral relief, Appellant carries the burden to demonstrate by a preponderance of the evidence that there was no reasonable basis for Attorney Boggs' decision to forgo presenting the potential witness at trial. Appellant, however, did not present the testimony of Attorney Boggs, or other evidence pertaining to Attorney Boggs' trial strategy, at the PCRA evidentiary hearing. Because Appellant failed to establish that Attorney Boggs lacked a reasonable basis for his actions,[15] we concur with the PCRA court that he is not entitled to relief. ***See*** PCRA Court Opinion, 9/9/20, at 18.

---

[15] While trial counsel did not offer a single witness, or other evidence, in Appellant's defense at trial, and while the affidavit of the potential witness purports to rebut evidence adduced by the Commonwealth in its case-in-chief, it is not this Court's function to engage in fact-finding or speculate as to whether a reasonable basis for trial counsel's act or omission existed. ***Shaw***, 247 A.3d at 1017; ***see also Commonwealth v. Koehler***, 229 A.3d 915, 937 (Pa. 2020) (stating, "[t]he PCRA court not only has statutorily-provided jurisdiction, but is also the appropriate - and, indeed, the only - forum for the evidentiary and factual development that would be needed to substantiate a claim" of ineffective assistance of counsel). It is incumbent upon a petitioner and his, or her, PCRA counsel, to develop the record as warranted for our appellate review. ***Koehler***, 229 A.3d at 937 (stating, appellate courts require "for our appellate review the development of a record as warranted"). Here, Appellant failed to establish, on the record, that Attorney Boggs lacked a reasonable basis for his decision not to call the potential witness at trial.

Next, Appellant claims that the consecutive sentences imposed on his aggravated assault convictions were illegal because those convictions should have merged for sentencing purposes. Appellant's Amended PCRA Petition, 4/18/19, at ¶20. Specifically, Appellant argues that his conviction for aggravated assault under Section 2702(a)(6) should have merged with his conviction for aggravated assault under Section 2702(a)(2) for sentencing purposes. N.T., 11/7/12, at 3-89.

Section 9765 of the Pennsylvania Sentencing Code states,

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the [trial] court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

Section 2702 of the Pennsylvania Crimes Code states, in pertinent part, that a person is guilty of aggravated assault if the person:

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

. . .

(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury[.]

- 25 -

18 Pa.C.S.A. § 2702(a)(2) and (a)(6). A police officer is included within the definition of "officers, agents, employees or other persons" for purposes of Sections 2702(a)(2) and (a)(6). 18 Pa.C.S.A. § 2702(c). A person is "menacing" for purposes of an aggravated assault conviction if, based upon a totality of the circumstances, the behavior is 'frightening activity.'" **Commonwealth v. Reynolds**, 835 A.2d 720, 726 (Pa. Super. 2003), *relying on* **Commonwealth v. Little**, 614 A.2d 1146, 1151-1155 (Pa. Super. 1992).

The salient difference between aggravated assault of a police officer under Section 2702(a)(2) and under Section 2702(a)(6) is that Section 2702(a)(6) requires an attempt, by the defendant through physical menace, to place a police officer in fear of imminent serious bodily injury during the performance of his, or her, duty. In other words, Section 2702(a)(6) requires an attempt by a defendant to elicit an emotional reaction in a police officer, *i.e.*, fear, as a result of the defendant's menacing action. A side-by-side comparison of the two provisions demonstrates that Section 2702(a)(2) criminalizes attempts to inflict serious bodily injury on a police officer in the performance of his, or her, duty, while Section 2702(a)(6) proscribes attempts through physical menace to place a police officer in fear of imminent serious bodily injury while in the performance of his, or her, duty. Because Section 2702(a)(2) contains a statutory element which is not found in Section 2702(a)(6) and because Section 2702(a)(6) contains a statutory element which is not found in Section 2702(a)(2), convictions under these statutory

provisions do not merge for sentencing purposes pursuant to 42 Pa.C.S.A. § 9765. Consequently, Appellant's issue is without merit.[16]

Finally, Appellant raises several claims that his sentence is illegal. Appellant's Amended PCRA Petition, 4/18/19, at ¶21; *see also* N.T., 10/2/19, at 7-8; Appellant's Brief at 50-51. Appellant initially points out that he was sentenced to 78 to 240 months' incarceration for his possession with the intent to deliver a controlled substance (cocaine) conviction but that the permitted maximum confinement for such a conviction was 180 months. Appellant's Brief at 50. In short, Appellant contends here that his sentence exceeded the lawful maximum.

We concur with the PCRA court that Appellant's issue was previously litigated on direct appeal. PCRA Court Opinion, 9/9/20, at 20. On direct appeal, this Court, in affirming Appellant's judgment of sentence for possession with the intent to deliver a controlled substance (cocaine), stated,

> [Appellant] asserts that the trial court imposed an illegal sentence
> for [possession with the intent to deliver a controlled substance

---

[16] We note that the PCRA court analyzed Appellant's issue with regard to his convictions of aggravated assault under Sections 2702(a)(1) and (a)(6). PCRA Court Opinion, 9/9/20, at 20-22. The PCRA court held that Appellant was not entitled to relief on his issue because the issue had been previously litigated and the judgment of sentence affirmed by this Court. *Id.* at 20; *see also Evans*, 2013 WL 11253747, at *6 (discussing the applicability of Section 9765 to Appellant's convictions of aggravated assault under Sections 2702(a)(1) and (a)(6)). The record reflects, however, that Appellant was sentenced for aggravated assault pursuant to Sections 2702(a)(2) (relating to a police officer) and not Section 2702(a)(1). N.T., 11/7/12, at 90; *see also* Certificate of Imposition of Judgment of Sentence, 11/7/12; Appellant's Motion for Reconsideration of Sentence, 11/13/12.

(cocaine)], as the statutory maximum is [180 months], but the trial court imposed a maximum sentence of [240 months]. [Appellant] cites 35 P.S. § 780-113(f)(1), which does indeed provide a maximum sentence of [180 months] for a [possession with the intent to deliver a controlled substance (cocaine)] conviction. However, [Appellant's] argument lacks merit because [Section] 780-113(f)(1) applies only to first time offenders. In his brief, [Appellant] flagrantly disregards his prior [possession with the intent to deliver a controlled substance] conviction, the existence of which is not in dispute. For persons with a prior [possession with the intent to deliver a controlled substance] conviction, the Controlled Substance[, Drug, Device and Cosmetic] Act authorizes a sentence "for a term of up to twice the term otherwise authorized." 35 P.S. § 780-115(a).[17] Thus, the applicable statutory maximum sentence is [360 months]. The trial court's [240-month] maximum sentence is legal.

**Evans**, 2013 WL 11253747, at *7. Therefore, Appellant is not entitled to relief on this claim. 42 Pa.C.S.A. § 9544(a); **see also** 42 Pa.C.S.A. § 9543(a)(3).

Next, Appellant challenges the legality of the sentence imposed for his possession with the intent to deliver a controlled substance (cocaine)

---

[17] Section 780-115(a) of the Controlled Substance, Drug, Device and Cosmetic Act states,

Any person convicted of a second or subsequent offense [of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance] or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

35 P.S. § 780-115(a).

conviction pursuant to 18 Pa.C.S.A. § 7508 in light of **Alleyne**.[18]  Appellant's

Amended PCRA Petition, 4/18/19, at ¶21; **see also** Appellant's *Pro Se* Rule

1925(b) Statement, 4/14/20, at ¶14; Appellant's Brief at 50-51.

On October 23, 2012, prior to sentencing, the Commonwealth provided

notice of its intent to seek the imposition of a mandatory minimum sentence

pursuant to Section 7508(a)(3)(i) for Appellant's conviction of possession with

the intent to deliver a controlled substance (cocaine).  **See** Commonwealth's

Notice, 10/23/12; **see also** N.T., 11/7/12, at 6-7.  The then-effective Section

7508(a)(3)(i), in pertinent part, stated,

> (3) A person who is convicted of [possession with the intent to
> deliver a controlled substance] where the controlled substance is
> [cocaine] shall, upon conviction, be sentenced to a mandatory
> minimum term of imprisonment and a fine as set forth in this
> subsection:

---

[18] In **Alleyne**, the Supreme Court of the United States held that, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  **Alleyne**, 570 U.S. at 103 (citation omitted).  **Alleyne** challenges "implicate the legality of the sentence and are not subject to traditional rules of issue preservation." **Commonwealth v. DiMatteo**, 177 A.3d 182, 187 (Pa. 2018).  Furthermore, an **Alleyne** challenge will not be viewed as seeking retroactive application of **Alleyne** when the judgment of sentence is not final as of June 17, 2013, (the date on which the **Alleyne** decision was announced) provided that the issue was raised in a timely PCRA petition.  **DiMatteo**, 177 A.3d at 192.  Here, Appellant's judgment of sentence became final on March 10, 2015, upon expiration of the 90-day period in which to seek discretionary review with the Supreme Court of the United States.  U.S. Sup. Ct. R. 13(1) (stating that, "A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); **see also** 42 Pa.C.S.A. § 9545(b)(3).

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than [10.0] grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

18 Pa.C.S.A. § 7508(a)(3)(i) (effective July 10, 2003 to June 30, 2013). Section 7508, however, was later deemed "an unconstitutional and illegal sentencing statute in light of **Alleyne** and its Pennsylvania progeny" because Section 7508 required the trial court to determine by a preponderance of the evidence, *inter alia*, that the aggregate weight of the cocaine, which formed the basis of a defendant's conviction, was at least 2.0 grams but less than 10.0 grams. **DiMatteo**, 177 A.3d at 191, *citing* **Commonwealth v. Wolfe**, 140 A.3d 651, 660-661 (Pa. 2016) and **Commonwealth v. Barnes**, 151 A.3d 121, 126-127 (Pa. 2016); **see also** 18 Pa.C.S.A. § 7508(a)(3)(i) (effective July 10, 2003 to June 30, 2013).

At sentencing, the Commonwealth represented that the standard-range sentence on Appellant's possession with the intent to deliver a controlled substance (cocaine) conviction was 48 to 78 months' incarceration.[19]  N.T.,

---

[19] The record demonstrates that Appellant had a prior record score of 5 and an offense gravity score of 7.  Pursuant to the Pennsylvania Sentencing Guidelines, applicable at the time of Appellant's sentencing, the standard-range sentence on Appellant's possession with the intent to deliver a controlled substance conviction was 24 to 30 months' incarceration.  **See**

11/7/12, at 67. The Commonwealth stated that Appellant was a repeat offender, having previously been convicted of possession with the intent to deliver a controlled substance, and that the current incident, which, *inter alia*, involved Appellant's use of a vehicle in an attempt to assault a police officer, occurred within 1000 feet of an elementary school, requiring the trial court to

_____

Basic Sentencing Matrix, 204 Pa. Code § 303.16 (6th Edition, Revised) (effective December 5, 2008, to December 28, 2012). The standard-range sentence on Appellant's aforementioned conviction in which a deadly weapon was used was enhanced to 36 to 42 months' incarceration. **See** Deadly Weapon Enhancement\Used Matrix, 204 Pa. Code § 303.18 (6th Edition Revised) (effective December 5, 2008, to December 28, 2012). Finally, upon application of the school zone enhancement, the standard range sentence on Appellant's aforementioned conviction was 48 to 78 months' incarceration. **See** 204 Pa. Code §§ 303.9(c) and 303.10(b) (recommending that an additional 12 months' incarceration be added to the lower limit of the applicable standard range and 36 months' incarceration be added to the upper limit of the applicable standard range when the defendant possessed a controlled substance with the intent to deliver it "within 1000 feet of the real property on which is located a public or private elementary or secondary school"). Attorney Boggs stipulated that the standard-range sentence applicable to Appellant was 48 to 78 months' incarceration. N.T., 11/7/12, at 7-8, 14.

The application of either the deadly weapon used enhancement or the school zone enhancement, or both, for purposes of determining the standard range sentence is not unconstitutional under ***Alleyne, supra***., because the trial court retains the discretion to sentence a defendant, subject to these enhancements, outside the guideline range. ***See Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014); ***see also Commonwealth v. Ali***, 112 A.3d 1210, 1226 (Pa. Super. 2016) (reiterating that a sentence enhancement does not bind the trial court to impose a particular sentence as the sentencing guidelines are only advisory), *vacated on other grounds*, 149 A.3d 29 (Pa. 2016). Therefore, these enhancements do not implicate the concerns addressed in ***Alleyne***.

consider a school zone enhancement pursuant to 204 Pa. Code § 303.9(c).[20]

*Id.* at 6-8. The Commonwealth asked the trial court to sentence Appellant at the "top of the standard range," 78 months' incarceration, because, *inter alia*, Appellant was a repeat offender. **Id.** at 68. The Commonwealth also requested a mandatory minimum sentence of 36 months' incarceration pursuant to Section 7508 because the amount of cocaine Appellant possessed was 3.16 grams. **Id.** at 6.

The trial court sentenced Appellant to 78 to 240 months' incarceration for his possession with intent to deliver a controlled substance (cocaine) conviction with the minimum sentence imposed (78 months' incarceration) falling within the standard range for sentencing. Certificate of Imposition of Judgment of Sentence, 11/7/12, at 1. At the sentencing hearing, the trial court did not indicate that it was imposing a mandatory minimum sentence of 36 months' incarceration pursuant to Section 7508 but, rather, sentenced Appellant in accordance with the applicable standard-range sentence. N.T., 11/7/12, at 90. A review of Appellant's sentencing order, however, demonstrates that the trial court made reference to the "[36-month] mandatory minimum sentence" under Section 7508. **Id.** at 6-7, 92; **see also** Certificate of Imposition of Judgment of Sentence, 11/7/12, at 1. In its brief, the Commonwealth asserts that, "[t]he minimum sentence imposed for

---

[20] Implicit in the Commonwealth's argument was an assertion that the trial court consider a deadly weapon used enhancement when sentencing Appellant based upon Appellant's attempt to use a vehicle to assault a police officer.

[Appellant's] possession with intent to deliver a controlled substance [conviction (cocaine),] (78 months[' incarceration,]) was the result of the trial court properly using a sentence enhancement for [Appellant's] use of a weapon in a school zone and applying the standard range of the sentencing guidelines[.]" Commonwealth Brief at 27 (extraneous capitalization omitted).

Although the Commonwealth requested the imposition of a 36-month mandatory minimum sentence pursuant to Section 7508 and the trial court referenced the mandatory minimum sentence in its sentencing order, the trial court **exceeded** the mandatory minimum sentence (36 months) when it applied the applicable standard-range sentence (78 months). Therefore, it is axiomatic that, despite the reference to the mandatory minimum sentence in the sentencing order, the trial court **did not** sentence Appellant based upon the mandatory minimum sentence pursuant to Section 7508. ***Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015) (stating that, where a mandatory minimum sentence was invoked but the defendant was sentenced to a higher term of imprisonment under the sentencing guidelines, the sentence was not based upon the now-unconstitutional mandatory minimum sentencing statute and the sentence is not illegal). Consequently, Appellant's sentence of 78 to 240 months' incarceration is not illegal and Appellant's issue lacks merit.

Finally, to the extent that Appellant raises an ***Alleyne*** challenge to the imposition of consecutive mandatory minimum sentences pursuant to 18 Pa.C.S.A. § 9714 for his aggravated assault convictions, this Court has

previously held that the mandatory minimum sentences prescribed by Section 9714 are predicated on prior convictions and, therefore, are not unconstitutional under **Alleyne**. **Commonwealth v. Bragg**, 133 A.3d 328, 333 (Pa. Super. 2016) (stating that, **Alleyne** exempts prior convictions from the rule that any fact that, by law, increases the penalty for a crime must be submitted to the jury and found beyond a reasonable doubt), *aff'd*, 169 A.3d 1024 (Pa. 2017). Therefore, this aspect of Appellant's sentencing challenge is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2021