J-S34021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL VALDEZ-TORRES | : | |
| | : | |
| Appellant | : | No. 303 MDA 2021 |

Appeal from the PCRA Order Entered February 11, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000811-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: JANUARY 20, 2022**

Rafael Valdez-Torres appeals *pro se* from the denial of his first petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Valdez-Torres claims that trial counsel rendered ineffective assistance when he advised Valdez-Torres not to testify on his own behalf and by failing to challenge on direct appeal the denial of his suppression motion. Valdez-Torres additionally claims that the PCRA court erred when it accepted counsel's *Turner*/*Finley*[1] letter and permitted counsel to withdraw. We affirm.

This Court summarized the factual history of this case on direct appeal.

On October 10, 2017, Joseph Becker ("Becker") and his friends went to the 200 block of Rowe Street, in Tamaqua Borough, to purchase heroin from Maria Lewis ("Lewis"). Lewis was the

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

girlfriend of Valdez-Torres. Becker was acquainted with Valdez-Torres, and knew him by the name of "Flacko."

Upon arriving at the 200 block of Rowe Street, Becker approached Lewis's residence by means of the back yard. As he did so, Valdez-Torres approached and asked Becker whether he had drugs to sell. Becker stated that he had methamphetamine. When Valdez-Torres asked to purchase some of the narcotics, Becker offered to give him some. Becker pulled out a roll of money from his pocket, withdrew a one-dollar bill, folded it in half, put methamphetamine on the bill, and gave it to Valdez-Torres. Becker gave Valdez-Torres another dollar bill, which Valdez-Torres used to snort the narcotics. Valdez-Torres then withdrew a firearm from his waistband and demanded $300 from Becker. Valdez-Torres claimed that Becker owed him the $300. When Becker refused to pay, Valdez-Torres shot him in the chest. After being shot, Becker ran between the houses to the street. As he ran, he heard another gunshot, and a bullet passed by his head. When Becker reached his friends, they called for help. Becker was life-flighted to the hospital, where he remained for three weeks. Becker subsequently told police that Valdez-Torres was his assailant.

*Commonwealth v. Valdez-Torres*, No. 486 MDA 2019, unpublished memorandum at 1 (Pa.Super. filed December 24, 2019).

Chief Henry Woods, who was then a corporal with Tamaqua Borough Police, interviewed Valdez-Torres after his arrest. Chief Woods gave him *Miranda*[2] warnings, and Valdez-Torres agreed to continue with questioning, and thereafter admitting having shot Becker. *See* N.T. Trial, 2/6/19, at 137-39.

Prior to trial, counsel filed a motion to suppress the statement claiming that Chief Woods induced him into relinquishing his right to remain silent. *See*

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

- 2 -

Memorandum in Support of Omnibus Pre-Trial Motion, 9/19/18, at unnumbered pages 5-7. The trial court denied the motion.

After trial, a jury convicted Valdez-Torres of two counts each of aggravated assault, attempted murder, and attempted robbery, and one count each of simple assault and recklessly endangering another person.[3] The trial court sentenced Valdez-Torres to an aggregate prison term of 26 to 52 years.[4]

Valdez-Torres filed a direct appeal challenging the sufficiency of the evidence to support his convictions for attempted murder and attempted robbery. This Court affirmed the judgment of sentence on December 24, 2019. Valdez-Torres did not petition our Supreme Court for an allowance of appeal.

In September 2020, Valdez-Torres filed a timely *pro se* first PCRA petition. The court appointed counsel, who filed a **Turner**/**Finley** no-merit letter and motion to withdraw as counsel. On December 18, 2020, the PCRA court granted counsel's motion to withdraw and gave notice of its intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907(1). Valdez-Torres filed a *pro se* response to the court's notice of intent to dismiss. On February 11, 2021, the PCRA court dismissed the petition without a hearing. This timely appeal followed.

---

[3] **See** 18 Pa.C.S.A. §§ 2702, 901, 2502, 3701, 2701, and 2705, respectively.

[4] The trial court merged the sentences for aggravated assault and recklessly endangering another person.

Valdez-Torres raises two issues on appeal, which we have reproduced verbatim.

Petitioner pleads and asserts (2) layers claims of Ineffectiveness for this courts review:

a. Collateral counsel Ineffective for failing to find trial counsel Ineffective, for failing to appeal the denial of the Suppression Motion regarding pre trial statements to police as a result of pre Miranda threats Petitioner received without a translator present, where Petitioner couldn't effectively speak English

b. Collateral counsel ineffective, for failing to find trial counsel ineffective for trial counsel erroneously advising Petitioner not to testify on his own behalf

2. Whether the lower court erred by allowing counsel to withdraw and forcing appellant to proceed Pro se although the issues are of arguable merit and the courts [sic] decision to allow counsel to withdraw constructively denied appellant access to the court during the appellants PCRA litigation.

Valdez-Torres' Br. at unnumbered page 8.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019). "This Court may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citation omitted).

Valdez-Torres claims that he was eligible for relief because trial counsel rendered ineffective assistance at trial by failing to appeal the denial of his motion to suppress and by advising him not to testify of his own behalf. *See*

Valdez-Torres' Br. at unnumbered pages 12-16. We consider each claim individually.

A petitioner who raises a claim of ineffective assistance of counsel must overcome the presumption that counsel is effective. *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). To do so, the petitioner must plead and prove the following: "(1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." *Id.* (citation omitted).

> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. [C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citations omitted). Failure to meet any one prong of the test will defeat a petitioner's ineffectiveness claim. *See Commonwealth v. Basemore*, 744 A.2d 717, 738 n.23 (Pa. 2000).

> To demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. When it is clear the party asserting an ineffectiveness claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone, without a determination of whether the first two prongs have been met.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa.Super. 2013) (citation omitted).

In his first claim of ineffective assistance, Valdez-Torres argues that trial counsel was ineffective by failing to challenge on appeal the denial of his motion to suppress pretrial statements to police. He claims that the statements should have been suppressed because he could not understand the *Miranda* warnings because of his limited ability to speak English.

Upon review, we conclude that, Valdez-Torres has not demonstrated that he suffered any prejudice from counsel's alleged ineffectiveness. At trial Becker, the victim, testified that Valdez-Torres demanded that Becker pay him $300 and, when Becker refused to do so, Valdez-Torres pulled a gun from his waistband and pointed it at Becker's chest. *See* N.T. Trial, at 60-61. Becker testified that Valdez-Torres then shot him in the chest at arm's length. Becker then testified that he pushed Valdez-Torres away and ran towards the front of the house. *See id.* at 65. Becker explained that as he was running down the street he heard another shot but was not hit. *See id.* at 68.

This testimony, even without Valdez-Torres' incriminating statement, would have been sufficient to sustain his convictions. Accordingly, Valdez-Torres has not demonstrated a reasonable probability that the outcome of the proceeding would have been different if the suppression motion had been granted. *See Michaud*, 70 A.3d at 867. Because he cannot prove that he was

prejudiced by counsel's alleged error, Valdez-Torres has not established that he is eligible for relief because of counsel's alleged ineffective assistance.[5]

With respect to his second claim of ineffective assistance, Valdez-Torres alleges that counsel rendered ineffective assistance by advising him not to testify at trial. He claims that he told trial counsel that he would like to testify to explain his version of events, but trial counsel told him that doing so would "mess everything up." Valdez-Torres' Br. at unnumbered page 12. Valdez-Torres argues that counsel's action infringed on his right to testify on his own behalf, and there was no reasonable basis for counsel's advice. He argues that he was prejudiced by counsel's advice because his version of events could have reshaped the case. *See id.* at unnumbered pages 13-14.

"[W]here a defendant voluntarily waives his right to testify after a colloquy, he generally cannot argue that trial counsel was ineffective in failing to call him to the stand." *Commonwealth v. Rigg*, 84 A.3d 1080, 1086 (Pa.Super. 2014) (citations omitted). However, there are limited instances where, despite a colloquy, counsel can be found ineffective.

> In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant

---

[5] Moreover, there is nothing in the record to indicate that Valdez-Torres has any trouble understanding or speaking the English language. As counsel explained in his *Turner*/*Finley* no merit letter, the video of the interview during which Valdez-Torres admitted to shooting Becker, does not show any indication that Valdez-Torres had difficulty speaking or understanding English. Furthermore, Valdez-Torres proceeded through the entirety of his trial and sentencing without the aid of an interpreter and without any indication that he had any difficulty understanding what was being said.

must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000) (citations omitted).

In *Nieves*, trial counsel advised the defendant not to testify by informing him that if he did so, he would be impeached with his prior criminal record including those convictions that did not involve dishonestly. Our Supreme Court agreed that the advice was clearly unreasonable because the offenses not involving dishonesty or false statements would not have been admissible to impeach his credibility. Because the defendant's decision not to testify was based solely on this erroneous advice, the Court held that it was not knowing or intelligent. *See id.* at 1104-05.

Here, Valdez-Torres explained that before trial he spoke with his attorney about testifying on his own behalf in order to explain his version of events wherein he admits to shooting Becker but alleges that he only did so after Becker attempted to disarm him. *See* Valdez-Torres' Br. at unnumbered page 12. He argues that counsel's advice was unreasonable because a person has a right to be heard in his own defense, and therefore he alleges that when counsel advised him not to testify, he interfered with the right to testify. *See id.* at 13.

As Valdez-Torres himself asserts, he discussed whether or not he should testify with counsel and, based on trial strategy, counsel advised that Valdez-

Torres not attempt to personally explain his version of events. Even accepting Valdez-Torres's allegations as true, his claims are insufficient to show that counsel's advice was so unreasonable as to vitiate a knowing and intelligent decision to testify. **See Nieves**, 746 A.2d at 1104. Valdez-Torres is not entitled to relief based on his second claim of ineffective assistance.

In his final issue, Valdez-Torres claims that the PCRA court erred in granting counsel's petition to withdraw. He claims that his case has meritorious issues, and therefore the PCRA court violated his right to counsel when it permitted counsel to withdraw. **See** Valdez-Torres's Br. at unnumbered pages 17-18.

As a first time PCRA petitioner, Valdez-Torres is entitled to the assistance of counsel to represent him diligently and competently until counsel withdraws his or her appearance. **See Commonwealth v. Librizzi**, 810 A.2d 692, 693 (Pa.Super. 2002). "[C]ounsel may withdraw at any stage of collateral proceedings if, in the exercise of his or her professional judgment, counsel determines that the issues raised in those proceedings are meritless and if the post-conviction court concurs with counsel's assessment." **Commonwealth v. Glover**, 738 A.2d 460, 463 (Pa.Super. 1999).

Counsel requesting to withdraw from PCRA representation must file a "no-merit" letter or brief that conforms to the requirements of **Turner** and **Finley**. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012). A "no-merit" letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed,

explaining why and how those issues lack merit, and requesting permission to withdraw." ***Id.*** (citation omitted). Counsel must send the petitioner a copy of the "no-merit" letter, a copy of counsel's petition to withdraw, and "a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Id.*** (citation omitted). If counsel fulfills these requirements, then the PCRA court must conduct its own review of the case, and, if the claims are without merit, permit counsel to withdraw. ***See id.***

Here, counsel's no-merit letter detailed the nature of the case, listed the issues Valdez-Torres wanted to have reviewed, and explained counsel's reasoning for concluding that the issues were meritless. Counsel sent a copy of the no-merit letter and petition to Valdez-Torres and informed him that he could proceed with privately retained counsel or *pro se*. ***See*** Letter from Counsel to Valdez-Torres, dated November 30, 2020. The PCRA court conducted its own review of the case and concluded that there were no meritorious issues. ***See*** Trial Ct. Op., 4/28/21, at 4-9. We find that counsel complied with the dictates of ***Turner***/***Finley*** and conclude that the PCRA court did not err in granting the petition to withdraw.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/20/2022

- 10 -