## COMMONWEALTH OF PENNSYLVANIA, Appellee,

v.

## Curtis LIBRIZZI, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 5, 2002.

Filed Nov. 1, 2002.

Curtis Librizzi, appellant, pro se.

Matthew T. Mangino, Assistant District Attorney, New Castle, for Commonwealth, appellee.

Before: DEL SOLE, P.J., and GRACI and MONTEMURO,* JJ.

DEL SOLE, P.J.

¶ 1 Appellant Curtis Librizzi filed this appeal *pro se* from the judgment of sentence imposed after he pled guilty to three counts of possession with intent to deliver cocaine.[1] For the reasons set forth below, we remand this case to the trial court for further proceedings.

¶ 2 This case presents a procedural problem which is becoming all too common throughout Pennsylvania. On April 7, 2000, Attorney David H. Acker entered his

---

* Retired Justice assigned to the Superior Court.

1. On two of the counts, the court imposed sentences of one to five years' imprisonment and on the third count a sentence of six months to five years' imprisonment, all sentences to run consecutively.

appearance. Attorney Acker represented Appellant through pretrial motions, plea negotiations, entry of a guilty plea and sentencing. He did not file either post-sentencing motions or a direct appeal nor did he seek to withdraw his representation of Appellant. Appellant filed a timely notice of appeal *pro se* as well as a Rule 1925 Statement and a brief to this Court.

¶ 3 Pursuant to Rule 576(C) of the Rules of Criminal Procedure, the clerk of courts "shall not docket or record" any motion, notice, or document submitted for filing by a defendant who is represented by an attorney. Rather, the clerk is directed to forward any such document to the defendant's attorney within 10 days of receipt. Pa.R.Crim.P. 576(C). This procedure gives counsel both the opportunity and the responsibility to follow up on the client's wishes and properly present them to the court. Presently, the record does not reflect that the clerk forwarded Appellant's notice of appeal to counsel of record. It does appear, however, that the clerk did forward both the court's order directing a Rule 1925(b) Statement and the court's opinion in response to the Rule 1925(b) Statement to Attorney Acker. However, Attorney Acker did nothing in response. Thus, Appellant has continued to represent himself on this appeal despite the fact that Attorney Acker is still his attorney of record.

¶ 4 We remind and admonish all counsel, both privately retained and court appointed, that, once an appearance is entered, the attorney is responsible to diligently and competently represent the client until his or her appearance is withdrawn. Rules of Professional Conduct 1.1 and 1.3. This responsibility includes filing an appeal when the client so requests. Counsel is also reminded that an appearance may be withdrawn only by leave of court. Pa. R.Crim.P. 120.

¶ 5 The various violations present in this case have operated to deny Appellant his very basic and important right to the assistance of competent counsel. Therefore, because any other disposition would result in an injustice to Appellant, we will not dispose of Appellant's issues on the merits but will remand this case to the trial court for further proceedings. The trial court is directed to hold a hearing within sixty days of the date of this decision to determine: (1) whether Attorney Acker wishes to withdraw and, if so, whether the trial court will permit such withdrawal; (2) whether Appellant wishes to proceed *pro se;* (3) if Appellant does wish to proceed *pro se,* to hold a colloquy to determine whether he knowingly and intelligently waives his right to counsel; (4) if Attorney Acker is permitted to withdraw and Appellant does not wish to proceed *pro se,* to determine whether Appellant is eligible for court appointed counsel on direct appeal and to appoint counsel if appropriate. Following certification of its decision by the trial court, the Superior Court Prothonotary is directed to establish a new briefing schedule.

¶ 6 Case remanded with directions. Jurisdiction retained.