J-S13011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS JAMES BLACK, | |
| Appellant | No. 715 WDA 2014 |

Appeal from the PCRA Order Entered March 26, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001125-2012

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 09, 2015**

Appellant, Thomas James Black, appeals *pro se* from the post-conviction court's March 26, 2014 order denying his timely petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we are compelled to vacate that order and remand for further proceedings.

On September 18, 2012, Appellant was convicted by a jury of attempted murder, aggravated assault, and other related charges.  On November 26, 2012, he was sentenced to an aggregate term of 25 to 50 years' incarceration.  Appellant filed a timely motion for reconsideration of his sentence, which was denied.  He did not file a direct appeal with this Court.

On January 1, 2014, Appellant filed a counseled PCRA petition. Appellant was represented by privately retained counsel, Adam J. Williams, Esq. In the petition, Appellant requested a new trial, alleging that he discovered two witnesses who would each proffer ostensibly exculpatory testimony on Appellant's behalf. The PCRA court directed the Commonwealth to file a response to Appellant's petition, and the Commonwealth complied. On February 21, 2014, Appellant filed a *pro se* document entitled, "Response and Counterstatement to Conflict of Interest Commonwealth's Response to Defendant's Petition for Post Conviction Collateral Relief." On March 26, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, and an opinion explaining its reasons for that dismissal. Appellant did not file a response to the court's Rule 907 notice and, on April 23, 2014, the PCRA court issued an order dismissing his petition.

On April 24, 2014, Appellant filed a *pro se* notice of appeal. The Office of Clerk of Courts of Erie County forwarded a copy of Appellant's *pro se* notice of appeal to Attorney Williams, who was still Appellant's counsel of record. **See** Docket Entry 27, 4/25/14 ("Case Correspondence – Rule 576 letter to Atty Williams in re: Notice of Appeal"). Apparently, Attorney Williams sent a letter to the Clerk of Courts stating that he no longer

represented Appellant.[1]  **See** Docket Entry 28, 4/30/14 ("Case Correspondence from Attorney Adam Williams informing us that he is no longer representing the defendant").  Accordingly, the Clerk of Courts accepted Appellant's *pro se* notice of appeal and forwarded a copy thereof to this Court.  **See id.**

Appellant is now before this Court *pro se*.  However, there is no indication in the certified record that Attorney Williams sought (or was granted) leave of court to withdraw his representation of Appellant.  **See** Pa.R.Crim.P. 120(A)(4) ("An attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court pursuant to paragraph (B)."); Pa.R.Crim.P. 120(B)(1) ("Counsel for a defendant may not withdraw his or her appearance except by leave of court.").  The Comment to Rule 120 states that "counsel must file a motion to withdraw *in all cases*, and counsel's obligation to represent the defendant, whether retained or appointed counsel, remains until leave to withdraw is granted by the court." Comment to Rule 120 (emphasis added) (citing **Commonwealth v. Librizzi**, 810 A.2d 692, 693 (Pa. Super. 2002)).

We also emphasize that it is unclear from the record whether Appellant is currently indigent and, therefore, entitled to court-appointed counsel to

---

[1] That letter is not included in the certified record.

represent him in the current appeal. *See* Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."); ***Commonwealth v. Stout***, 978 A.2d 984, 988 (Pa. Super. 2009) ("Generally speaking, an indigent petitioner is entitled to the appointment of counsel on his first post-conviction attack of his conviction."); ***Commonwealth v. Jackson***, 965 A.2d 280, 283 (Pa. Super. 2009) (stating that the indigent petitioner's right to PCRA counsel extends through the appeal process).

We acknowledge that in Appellant's *pro se* brief, he does not argue that he is entitled to court-appointed counsel, or raise any issue regarding Attorney Williams' failure to represent him on appeal. Nevertheless, we decline to overlook Attorney Williams' failure to properly withdraw his representation of Appellant as the Pennsylvania Rules of Criminal Procedure require. More importantly, we are compelled to raise the issue of Appellant's representation *sua sponte* to ensure that he is afforded the right to court-appointed PCRA counsel, if he is so entitled. ***See Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998) (citation omitted) (stating that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel"); ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011) (holding "that where an indigent, first-time PCRA petitioner was denied his right to counsel - or failed to properly waive that

- 4 -

right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake).  Accordingly, we vacate the PCRA court's order and remand for further examination of these issues by the PCRA court.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2015