J-S42018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARDEA SHAREE FREEMAN | |
| Appellant | No. 2584 EDA 2014 |

Appeal from the Judgment of Sentence August 5, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007735-2013

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 23, 2015**

Appellant, Mardea Sharee Freeman, appeals from the August 5, 2014 judgment of sentence of six months' probation, imposed after the trial court found her guilty of one count of criminal conspiracy.[1]  After careful review, we remand this case pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(3).

We summarize the relevant procedural history of this case as follows. On December 18, 2013, the Commonwealth filed an information charging Appellant with the aforementioned offense, as well as one count of theft by

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903.

deception.[2]  On March 17, 2014, Appellant was admitted into the Bucks County Accelerated Rehabilitative Disposition (ARD) program for 12 months. After an arrest on new criminal charges, however, Appellant's participation in the ARD program was revoked on August 5, 2014.  Immediately thereafter, Appellant, while represented by retained counsel, proceeded to a bench trial on the aforementioned charges.  At the conclusion of the trial, the trial court found Appellant guilty of criminal conspiracy, but not guilty of theft by deception.  That same day, the trial court sentenced Appellant to six months' probation.

On August 27, 2014, Appellant timely filed a notice of appeal accompanied by a letter from her trial counsel stating as follows.  "Please note that I have **not** been retained to represent [Appellant] on appeal.  We are assisting [Appellant] in filing the enclosed [n]otice of [a]ppeal so as to preserve her rights."  Letter dated 8/25/14 from trial counsel (emphasis in original).  On September 15, 2014, the trial court entered an order, directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days.  Trial Court Order, 9/15/14, at 1.  The trial court served notice of this order on Appellant's trial counsel, who remained counsel of record.

_____

[2] 18 Pa.C.S.A. § 3922(a)(1).

On October 17, 2014, the trial court issued its 1925(a) opinion, finding Appellant had waived her appeal based on her failure to file a Rule 1925(b) statement and suggesting that we quash this appeal. Trial Court Opinion, 10/17/14, at 3-4. Also on that date, Appellant's trial counsel filed with this Court a motion to withdraw as counsel. On November 5, 2014, this Court *per curiam* granted counsel's motion to withdraw and directed the trial court to determine Appellant's eligibility for court appointed counsel within 60 days. Consequently, on November 26, 2014, the trial court held a hearing and appointed counsel to Appellant for this appeal.

Ordinarily, the failure to file a court-ordered 1925(b) statement results in a waiver of all issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (explaining Rule 1925(b) is a bright-line rule). However, "[t]he complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." **Commonwealth v. Thompson**, 39 A.3d 335, 339 (Pa. Super. 2012), *quoting* **Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*); **see also Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa. Super. 2008). In such circumstances, Rule 1925(c)(3) directs us to remand for the filing of a Rule 1925(b) statement *nunc pro tunc* and for the preparation of an opinion by the trial court. Pa.R.A.P. 1925(c)(3).

As noted, on September 15, 2014, the trial court ordered Appellant to file her Rule 1925(b) statement within 21 days, *i.e.*, on or before October 6, 2014. At that time, Appellant was still represented by trial counsel. **See** Pa.R.Crim.P. 120(B)(1) (providing counsel may only withdraw his or her appearance by leave of court); **Commonwealth v. Librizzi**, 810 A.2d 692, 693 (Pa. Super. 2002) (noting that "once an appearance is entered, the attorney is responsible to diligently and competently represent the client until his or her appearance is withdrawn[]") (citations omitted). Trial counsel remained Appellant's counsel of record until this Court granted his motion to withdraw on November 5, 2014. Trial counsel never complied with the trial court's order to file a Rule 1925(b) statement, which we conclude is *per se* ineffectiveness. **See Thompson**, **supra**. Therefore, we remand in accordance with Rule 1925(c)(3).

Based on the foregoing, we remand this matter for the filing of a 1925(b) statement *nunc pro tunc* with the trial court within 30 days of this memorandum and for the preparation of an opinion by the trial court 30 days thereafter. **See** Pa.R.A.P. 1925(c)(3); **Scott**, **supra**.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/2015