J-S02019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ORRIN WINSTON MCRAE, | |
| Appellant | No. 1023 EDA 2015 |

Appeal from the PCRA Order April 2, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001580-2013

BEFORE: SHOGAN, LAZARUS, and STABILE, JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:          **FILED MAY 05, 2017**

After careful review, I believe that the more prudent approach in this case is to remand for a determination or clarification by the trial court of whether appointed counsel abandoned Appellant in the post-sentencing and direct-appeal process, rather than immediately reinstating Appellant's direct appeal rights. Accordingly, I respectfully dissent.

We have often expressed that the right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. ***Commonwealth v. Floyd***, 937 A.2d 494, 501 (Pa. Super. 2007). Pennsylvania Rule of Criminal Procedure 122 addresses the appointment of counsel and provides, in relevant part, as follows:

**Rule 122. Appointment of Counsel**

(B)  When counsel is appointed,

\* \* \*

(2)   the appointment shall be effective until final judgment, including any proceedings upon direct appeal.

Pa.R.Crim.P. 122.   In addition, the comment to Rule 122 provides the following, in pertinent part:

**Pursuant to paragraph (B)(2), counsel retains his or her appointment until final judgment, which includes all avenues of appeal through the Supreme Court of Pennsylvania.**  In making the decision whether to file a petition for allowance of appeal, counsel must (1) consult with his or her client, and (2) review the standards set forth in Pa.R.A.P. 1114 (Considerations Governing Allowance of Appeal) and the note following that rule.   If the decision is made to file a petition, counsel must carry through with that decision.   **See Commonwealth v. Liebel**, 573 Pa. 375, 825 A.2d 630 (2003).  Concerning counsel's obligations as appointed counsel, **see Jones v. Barnes**, 463 U.S. 745 (1983).   **See also Commonwealth v. Padden**, 783 A.2d 299 (Pa. Super. 2001).

**See Commonwealth v. Alberta**,601 Pa. 473, 974 A.2d 1158 (2009), in which the Court stated that "[a]ppointed counsel who has complied with **Anders** [**v. California**, 386 U.S. 738 (1967),] and is permitted to withdraw discharges the direct appeal obligations of counsel.  Once counsel is granted leave to withdraw per **Anders**, a necessary consequence of that decision is that the right to appointed counsel is at an end."

Pa.R.Crim.P. 122 cmt. (emphasis added) (brackets in original).  In addition, we have strongly stated the following:

We remind and admonish all counsel, both privately retained and court appointed, that, once an appearance is entered, the attorney is responsible to diligently and competently represent the client until his or her appearance is

withdrawn. Rules of Professional Conduct 1.1 and 1.3. This responsibility includes filing an appeal when the client so requests. Counsel is also reminded that an appearance may be withdrawn only by leave of court. Pa.R.Crim.P. 120.

***Commonwealth v. Librizzi***, 810 A.2d 692, 693 (Pa. Super. 2002).

My review of the certified record reflects that, at his preliminary hearing on March 5, 2013, Appellant was represented by Attorney Taylor Dunn. Subsequently, on May 3, 2013, Attorney Marc J. DaFermo of the Delaware County Public Defender's Officer entered his appearance on behalf of Appellant, and he represented Appellant at a suppression hearing held on August 7, 2013. On October 8, 2013, Attorney Dawn Sutphin, also of the Delaware County Public Defender's Officer, entered her appearance on behalf of Appellant. The record reflects that Attorney Sutphin represented Appellant at his guilty plea hearing and sentencing on February 4, 2014. Moreover, Attorney Sutphin assisted Appellant in completing a detailed written guilty plea colloquy. Included with the written colloquy is an extensive statement of post-sentence rights, which was appropriately initialed and signed by both Appellant and Attorney Sutphin. As the Majority correctly states:

> there is nothing in the record indicating that plea counsel consulted with [Appellant] regarding his post-sentence or appellate rights, other than what is stated in the standard language of the written guilty plea colloquy. ***See*** Guilty Plea Statement, Statement of Post-Sentence Rights, 2/4/14 ("I represent the Defendant in the above-captioned case. I have explained the Post-Sentence Rights contained in this document to [Appellant,] and I am satisfied that [Appellant] understands these rights.").

*Commonwealth v. McRea*, Majority Memorandum at 4.

The trial court docket reflects that no further action occurred in this matter until three months later, when, on May 8, 2014, Appellant filed the instant *pro se* PCRA petition and requested the appointment of counsel. In the PCRA petition, Appellant made a bald allegation of "ineffective counsel." PCRA Petition, 5/8/14, at 3. On May 19, 2014, the PCRA court appointed Attorney Henry DiBenedetto Forrest to represent Appellant for purposes of the PCRA petition and instructed counsel to file an amended PCRA petition within sixty days. However, on September 25, 2014, Attorney Forrest filed an application to withdraw his appearance and a no-merit letter. In his no-merit letter, Attorney Forrest addressed various allegations of plea counsel's ineffective assistance but did not address whether Attorney Sutphin abandoned Appellant following sentencing. On September 25, 2014, the PCRA court entered an order granting counsel permission to withdraw and also entered an order giving Appellant Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing. Ultimately, on April 2, 2015, the PCRA court entered an order dismissing the PCRA petition, and this timely *pro se* appeal followed.

While it appears that Attorney Sutphin may not have fulfilled her duty as appointed counsel throughout the direct appeal, and it is obvious that she did not request to withdraw from representation, I believe the lack of evidence in the certified record pertaining to counsel's action, or inaction,

poses a problem because we are not a fact-finding court. **See Commonwealth v. Grant**, 813 A.2d 726, 734 (Pa. 2002) (noting that appellate courts do not act as fact finders); **Commonwealth v. Grundza**, 819 A.2d 66, 68 (Pa. Super. 2003) (appellate court does not in first instance make findings of fact) (citation and quotation marks omitted). Indeed, this issue was not articulated in Appellant's *pro se* PCRA petition or in Attorney Forrest's no-merit letter so that the PCRA court could adequately address the concern of abandonment. Hence, I would remand this matter to the PCRA court for a determination of whether appointed counsel abandoned Appellant in the post-sentencing and direct appeal process. **See Librizzi**, 810 A.2d at 693 (remanding of *pro se* appeal for determination of the appellant's representation).