J-S53012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2825 EDA 2018 |

Appeal from the PCRA Order Entered August 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012558-2010

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 23, 2019**

Appellant, Shawn Williams, appeals from an order entered on August 22, 2018, which dismissed his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand to allow the PCRA court to conduct a **Grazier** hearing and determine whether Appellant knowingly, voluntarily, and intelligently waived his right to a counseled PCRA appeal. **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998); **see Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*).

On previous appeal, we summarized the facts of this case as follows.

The victim, A.H., was thirteen[-]years[-]old on August 17, 2010, the day of the attack. [On t]he evening of August 16, 2010, A.H. was at the Philadelphia[, Pennsylvania] home [that] her sister, [M.K.], shared with her husband, Appellant, and their baby daughter. At approximately 11:00 p.m., Appellant and [M.K.] began to argue, and about an hour later, Appellant evicted [M.K.]

from the house. She was not permitted to take either the baby or her sister with her.

A.H. was watching television with her niece. Shortly after [M.K.] left, A.H. put her niece to bed. As A.H. was returning to the first floor to turn off the television, Appellant came into the hallway. A.H. described what occurred next, as follows. Appellant "grabbed my right arm and had pulled me into the [bed]room, and he put both hands on my shoulder[s] and pushed me on the bed." A.H. told him to "get off" and pushed him away. Appellant rebuked the child's attempt to avoid the attack. A.H. testified that she refused Appellant's demand to remove her clothing, so Appellant "took them off for me. I kept trying to pull them up." Appellant inserted his finger into the victim's vagina, and then placed his mouth on her vagina. A.H. continued to push and scratch Appellant and tell him to get off her. Appellant ignored A.H., and then inserted his penis into her vagina. A.H. said, "[i]t hurt and it was a lot of pressure." A.H. reported that the pain from Appellant's penis was a nine on a scale of one to ten. Appellant also placed his hands and mouth on her breasts. At that point, Appellant placed a pillow over A.H.'s face, and she ceased screaming at him.

When Appellant stopped his assault, A.H. dressed herself and retrieved her niece, who had been crying and screaming during the crime. She went downstairs with the child and began to watch television. Then, Appellant "came downstairs and said if I tell anybody, he's going to kill me and he said that he's going to kill my family." Eventually, A.H. fell asleep in her niece's room.

A.H.'s mother came to pick her up at approximately 7:00 a.m. on August 17th. After Appellant left the house, A.H. immediately told her mother about the assault, and they went to the police station. Police transported the victim to the hospital, where she was physically examined. Her vagina still hurt and she "could [not] use the bathroom." A.H. reported that, at the hospital, the pain continued to be a nine.

\*\*\*

[Following a non-jury trial conducted on May 24-25, 2011,] Appellant was convicted of [rape, unlawful contact with a minor, unlawful restraint, and endangering the welfare of a child].

- 2 -

***Commonwealth v. Williams***, __A.2d__, 2388 EDA 2012 (Pa. Super. 2014) (unpublished memorandum), at 1-4 (citations omitted).

The trial court sentenced Appellant to an aggregate term of 15 to 30 years' incarceration on July 12, 2011. ***Id.*** Subsequently, Appellant appealed to this Court and we affirmed his judgment of sentence on August 28, 2014. ***Id.*** Appellant filed a timely *pro se* PCRA petition on June 15, 2015. Appellant's PCRA Petition, 6/15/15, at 1-29. Thereafter, Appellant retained private counsel and an amended PCRA petition was filed on his behalf. Appellant's Amended PCRA Petition, 12/15/16, at 1-4. On July 17, 2018, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days without holding a hearing because it determined that Appellant's claims lacked merit. PCRA Court Order, 7/17/18, at 1; ***see*** Pa.R.Crim.P. 907(1). The PCRA court dismissed Appellant's petition on August 22, 2018. PCRA Court Order, 8/22/18, at 1. On September 14, 2018, Appellant filed a timely *pro se* notice of appeal to this Court, even though he was still represented by counsel. Appellant's Notice of Appeal, 9/14/18, at 1. Appellant then filed his brief and reproduced record in this Court *pro se*. To date, however, Appellant's counsel has neither requested nor received permission to withdraw.

The current procedural posture does not permit this Court to reach the merits of Appellant's appeal. Throughout the entire PCRA appellate process, Appellant has proceeded *pro se* – even though there has been no ***Grazier*** hearing and even though Appellant's counsel of record has neither requested

nor received leave to withdraw from representation. We must therefore vacate the court's dismissal order and remand this case to the PCRA court.

At the outset, we note that Appellant's counsel has not properly withdrawn in this case and is, thus, still Appellant's counsel of record. This Court has held that, for "both privately retained and court appointed" counsel, "once an appearance is entered, the attorney is responsible to diligently and competently represent the client until his or her appearance is withdrawn. This responsibility includes filing an appeal when the client so requests." **Commonwealth v. Librizzi**, 810 A.2d 692, 693 (Pa. Super. 2002) (internal citation omitted). Moreover, "an appearance may be withdrawn only by leave of court." **Id.**; Pa.R.Crim.P. 120. Here, Appellant retained a private attorney to prosecute his PCRA petition and this attorney never received leave of court to withdraw his appearance. Therefore, throughout this appeal, Appellant's PCRA counsel has remained Appellant's attorney of record.

Further, the PCRA court did not hold a **Grazier** hearing to determine whether Appellant sought to waive his right to counsel and whether such waiver was "knowing, intelligent, and voluntary." **Grazier**, 713 A.2d at 82. This was error.

A post-conviction petitioner has a rule-based "right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Robinson**, 970 A.2d at 457; **see also** Pa.R.Crim.P. 904(C). To protect this right, we have held that "in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel

has not properly withdrawn," the PCRA court must hold a **Grazier** hearing to determine whether "the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent." **Id.** at 456 and 459. As the **Robinson** Court held, this demands that the PCRA court hold an on-the-record colloquy with the petitioner and, "at a minimum . . . elicit the following information from" the petitioner:

> (a) that the [petitioner] understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the [petitioner] is indigent;
>
> [(b)] that the [petitioner] understands that if he or she waives the right to counsel, the [petitioner] will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> [(c)] that the [petitioner] understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> [(d)] that the [petitioner] understands that, in addition to defenses, the [petitioner] has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the [petitioner], these errors may be lost permanently.

**Id.** at 459-460; Pa.R.Crim.P. 121(A)(2).

No such colloquy occurred in this case and, thus, there has been no showing that Appellant "knowingly, voluntarily, and intelligently" waived his right to counsel. **Robinson**, 970 A.2d at 460. This constitutes error on the part of the PCRA court. **Commonwealth v. Davido**, 868 A.2d 431, 437-438

(Pa. 2005) ("it is up to the trial court, not counsel, to ensure that a colloquy is performed if the defendant has invoked his right to self-representation").

Even though Appellant has not raised the issue of abandonment by counsel or questioned his *pro se* status on appeal, we have an obligation to *sua sponte* raise and address these issues. As we held in **Commonwealth v. Stossel**, where a first-time PCRA petitioner fails to properly waive his right to counsel, "this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

We therefore vacate the PCRA court's dismissal order and remand so the PCRA court may conduct a **Grazier** hearing within 30 days to determine whether, during these PCRA proceedings, Appellant knowingly, voluntarily, and intelligently requested waiver of his right to counsel. If Appellant does not wish to waive this right,[1] the PCRA court must then determine whether Appellant is entitled to court-appointed counsel or whether Appellant can afford to engage counsel at his own expense. If the PCRA court desires the filing of a Rule 1925(b) concise statement, it must permit newly-appointed or retained counsel to file a supplemental statement, and the PCRA court must then address those issues in a supplemental Rule 1925(a) opinion. If counsel

---

[1] We note that on October 15, 2018, Appellant filed a motion for appointment of counsel with this Court. **See** Appellant's Motion for Appointment of Counsel, 10/15/18, at 1.

- 6 -

is appointed or retained, the filing of any Rule 1925(b) statement and a supplemental Rule 1925(a) opinion shall be done forthwith.

Order vacated. Case remanded for proceedings consistent with this memorandum decision. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/19