J-S26026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HARRY EDWARD HOSLER | : | |
| | : | |
| Appellant | : | No. 99 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 13, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002137-2016

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:     **FILED: JUNE 29, 2023**

Harry Edward Hosler (Appellant) appeals *pro se* from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, following the revocation of his probation pursuant to a 2020 guilty plea to criminal trespass.[1] This matter returns to us after remanding to the trial court to allow Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). We affirm.

The factual and procedural history of this case are as follows. On June 30, 2020, Appellant pled guilty to one count of criminal trespass and was sentenced to a term of 18 months' probation.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3503(a)(1)(ii).

On July 12, 2021, while Appellant was serving this term of probation, Pottsville Police Department Detective Joseph Krammes served a search warrant for a home on East Market Street in Pottsville, Pennsylvania in relation to a burglary. *See* N.T. Revocation, 12/13/21, at 3-4. Appellant listed this home as his address with the office of probation. *Id.* at 12; County of Schuylkill Adult Probation/Parole Department Conditions Governing Probation, 7/14/2020, at 1 (unpaginated). While searching the home, Detective Krammes located a digital scale, sandwich bags, and a "metal container" holding 17.87 grams of methamphetamines in a room Appellant shared with his former girlfriend, Beth Shiner. N.T. at 4-5. Detective Krammes arrested both Appellant and Shiner and interviewed them at the police station. *Id.* at 5. During a video-recorded interview, Appellant initially denied ownership of the narcotics, but then admitted to making multiple "deliveries" of the substance "per week." *Id.* at 5-6, 8-9.

As a result of the investigation, Appellant was charged with possession with intent to distribute (PWID), possession of a controlled substance, and possession of drug paraphernalia.[2] Due to these charges, the Office of Probation/Parole filed a motion to revoke Appellant's probation. *See* Motion to Revoke Probation, 12/3/21.

On December 13, 2021, the trial court held a hearing where the Commonwealth presented the above testimony of Detective Krammes.

---

[2] 35 P.S. §§ 780-113(a)(32), (a)(30), (a)(16), respectively.

Appellant also testified, stating that he did not live in the East Market Street home in Pottsville despite providing his probation officer with that address. *See* N.T. at 12, 14. He indicated, instead, that he lived in Minersville and was at the East Market Street home to give Shiner a pack of cigarettes. *Id.* at 15, 21. Appellant stated that for "about an hour[,]" he continued to tell Detective Krammes the narcotics did not belong to him. *Id.* at 18. He later admitted possessing the drugs, noting:

> [I]t seem[ed] like everybody [at the police station] who said they had drugs were getting let go. And I was told that if I worked with the officer, that we could make these charges disappear. So I agreed that they were mine. . . . I was telling [Detective Krammes] what I thought I had to say.

*Id.* at 18-19.

At the close of the hearing, the trial court revoked Appellant's probation[3] and resentenced him to a term of 12 to 24 months' incarceration. Appellant filed a timely, counseled[4] notice of appeal. On January 13, 2022, the trial court ordered Appellant to file a Rule 1925(b) statement within 25 days — February 7th. However, counsel for Appellant did not file a Rule 1925(b) statement. Instead, Attorney Conville filed a petition to withdraw on February 1, 2022, six days before the concise statement was due. In his petition to withdraw, Attorney Conville noted Appellant "no longer desire[d] the services

---

[3] During the hearing, the court also revoked Appellant's parole at Docket No. CP-54-CR-0000852-2020. This matter is not subject to this appeal.

[4] Appellant was represented by James G. Conville, Esquire, at the time.

of . . . counsel[.]" Petition to Withdraw, 2/1/22, at 2 (unpaginated). It also merits mention that counsel did not file a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw in lieu of a concise statement. *See* Pa.R.A.P. 1925(c)(4) (where counsel intends to withdraw from representation, they shall file a statement of intent to withdraw in lieu of a Rule 1925(b) statement, allowing any arguably meritorious claims to withstand waiver).

Upon receipt of Attorney Conville's petition to withdraw, this Court stayed the matter and directed the trial court to hold a ***Grazier***[5] hearing to determine whether Appellant wished to proceed with counsel or *pro se*. Order, 2/3/22. After the ***Grazier*** hearing, the trial court granted counsel's petition on February 14, 2022. *See* Trial Court's Response to Superior Court Order of Feb. 3, 2022, 2/14/22.[6] The trial court did not re-notify Appellant that he needed to file a timely Rule 1925(b) statement, nor was he informed he risked waiver for not filing any statement at all.

Meanwhile, Appellant proceeded *pro se* and filed a litany of motions. *See* Appellant's *Pro Se* "Motion of Relief," 5/4/22; Appellant's *Pro Se* "Motion of Relief," 3/9/22; Appellant's *Pro Se* "Motion to Compell [*sic*]," 3/9/22; Appellant's *Pro Se* Motion for "Suppression of Evidence," 1/28/22; Appellant's

---

[5] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) (requiring on the record inquiry to determine whether waiver of counsel is knowing, intelligent, and voluntary).

[6] Here, the trial court found Appellant "unequivocally" stated he did not wish to proceed with Attorney Conville and wanted to proceed *pro se*. *See* Trial Court's Response to Superior Court Order of 2/3/22, at 1 (unpaginated).

*Pro Se* "Motion to Dismiss," 1/28/22; Appellant's *Pro Se* Motion for "Grounds for Mistrial," 1/28/22; Appellant's *Pro Se* Motion for "Modification of Sentence," 1/28/22; Appellant's *Pro Se* "Motion to Dismiss," 1/27/22; Appellant's *Pro Se* Motion for "Sentence Modification," 1/21/22; Appellant's *Pro Se* Motion for "Habious Corpes [*sic*] (Suppression of Evidence)," 1/18/22. The trial court entered an order staying some of the above-mentioned motions. **See** Order, 5/18/22 (staying Appellant's "Motion of Relief" filed May 4, 2022); Order 4/14/22 (staying several of Appellant's *pro se* motions pending this Court's disposition on Appellant's appeal).[7]

On March 16, 2022, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding Appellant failed to file a Rule 1925(b) statement and as such, waived all potential claims on appeal. **See** Trial Ct. Op., 3/16/22, at 2 (unpaginated).

In a January 6, 2023, memorandum, this Court noted that Attorney Conville was not permitted to withdraw until after the deadline to file a timely Rule 1925(b) statement, and accordingly, was required to comply with the trial court's order. **See Commonwealth v. Hosler**, 99 MDA 2022 (Pa. Super. Jan. 6, 2023) (unpub. memo. at 5-6); **see also** Pa.R.Crim.P. 120(B)(1) (providing counsel may only withdraw his or her appearance by leave of court); **Commonwealth v. Librizzi**, 810 A.2d 692, 693 (Pa. Super. 2002)

---

[7] The April 14, 2022, order did not stay all of Appellant's various *pro se* motions. **See** Order, 4/14/22.

(stating that once counsel enters his appearance, he must "diligently and competently represent the client until his or her appearance is withdrawn" and counsel may not withdraw his representation until granted leave by the court) (citation omitted). This Court concluded that Attorney Conville's failure to do so amounted to *per se* ineffectiveness. **See Hosler**, 99 MDA 2022, at 6; **see also** Pa.R.A.P. 1925(c)(3); **Commonwealth v. West**, 883 A.2d 654, 657-58 (Pa. Super. 2005) (where counsel failed to file a substantive concise statement, they have effectively abandoned their client). We remanded the matter for the filing of a Rule 1925(b) statement *nunc pro tunc* and the preparation of an opinion by the trial court. **See Hosler**, 99 MDA 2022, at 6.

On remand, Appellant filed a *pro se* Rule 1925(b) statement on March 24, 2023. The trial court filed a responsive Rule 1925(a) opinion on May 11, 2023. This matter now returns to us on appeal.

Before we may address the merits of Appellant's appeal, we must first determine whether he has properly preserved the claims. In pertinent part, Appellant stated the following in his Rule 1925(b) statement:

> In [the present] case[,] I found a few matters seemingly judged in a premature manner based upon irrelevant opinion. At the time of the revocation hearing[,] I was still, very much, fighting my case to which spawned my revocation. . . .
>
> [The trial court] stated [it] was revoking my probation solely because I am a "drug dealer." None of my priors support such an outlandish statement nor [were] my open charges settled. His accusation was a mere opinion with no factual basis.
>
> Furthermore, the supporting evidence presented by Adult Probation was falsified. Their evidence says I was arrested and charged with possession on [July 12, 2021,] when the supporting

criminal complaint and warrant is dated [September 24, 2021]. Also I feel a full revocation when, by the time, 17 1/2 months of an 18 month probation to be turned to a 12 to 24 month sentence is a bit excessive without a supporting verdict[. *sic*]

Appellant's *Pro Se* 1925(b) Statement, 3/24/23, at 2 (unpaginated).

It is well-settled that a Rule 1925(b) statement that is not specific enough for the trial court to identify or address any of the appellant's claims may result in waiver. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (a statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."); ***Commonwealth v. Reeves***, 907 A.2d 1, 2-3 (Pa. Super. 2006) (waiving issues not raised before the trial court due to lack of specificity).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

***Id.*** at 2 (citation omitted).

The trial court found that Appellant's concise statement "never state[d] an actual error or issue on appeal." Trial Ct. Op., 5/11/23, at 3. As such, it determined Appellant again waived his claims on appeal. ***Id.*** at 4-5. Specifically, it noted:

> [The court] is unable to discern the issues Appellant wishes to raise on appeal because he has failed to concisely identify any particular errors with sufficient detail in violation of Pa.R.A.P. 1925(b). Rather, his handwritten paragraphs are redundant, lengthy, and are set forth in a vague, non-concise manner. "[A

c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all."

Here, Appellant's filing is too general and vague to apprise the court of the precise issue(s) to be raised. We cannot act as counsel for Appellant and try to anticipate, guess, or predict what he seeks to appeal. We respectfully assert that the vagueness of Appellant's [c]oncise [s]tatement renders all issues purportedly raised therein waived.

*Id.* at 4 (citations omitted).

We agree with the trial court that Appellant's Rule 1925(b) statement is rambling and disjointed. **See** Appellant's *Pro Se* 1925(b) Statement, 3/24/23. We also agree that Appellant's purported "concise statement" lacks specificity to the extent that it violates or fails to conform to Rule 1925(b). **See** Pa.R.A.P. 1925(b)(ii), (vii); Trial Ct. Op. at 4. The trial court cannot effectively address Appellant's claims on their merits if it must speculate what those issues are. **See Reeves**, 907 A.2d at 2-3. For this reason, Appellant has waived any potential errors on appeal and is entitled to no relief. **See id.**

Moreover, even if Appellant adequately identified his claims on appeal, from what we can discern, he would be entitled to no relief. Appellant seemingly raises the following concerns: (1) the trial court "stated [it] was revoking [his] probation solely because [he was] a 'drug dealer[;]" (2) evidence supporting his revocation of probation was "falsified" due to a purported typographical error concerning the date of his arrest; and (3) his revocation sentence was a "bit excessive[.]" **See** Appellant's *Pro Se* 1925(b) Statement, at 2; **see also** Trial Ct. Op. at 3.

To the extent Appellant argues the court "stated" it revoked his probation "solely because [he was] a 'drug dealer[,]'" he would not be entitled to relief. **See** Appellant's *Pro Se* 1925(b) Statement, at 2. A review of the revocation hearing transcript reveals no statement from the trial court either calling Appellant a "drug dealer," or basing Appellant's revocation on any such assertion. **See generally** N.T. at 3-25. Rather, the trial court found Appellant violated his probation "[b]ased on [Detective Krammes'] testimony[.]" N.T. at 10. Thus, even if Appellant preserved this claim, it would be meritless.

With regard to Appellant's argument that the trial court relied upon "falsified" evidence to revoke his probation, this claim would also have no merit. The office of probation listed July 12, 2021 — the date of the offense — as Appellant's arrest date. **See** Schuylkill County Adult Probation/Parole Department Violation Report, 11/29/21, at 1 (unpaginated). Appellant asserted in his "concise statement" that the criminal complaint and arrest warrant for this offense were dated September 24th. **See** Appellant's *Pro Se* 1925(b) Statement, at 2; Criminal Complaint, 9/24/21. This alleged "falsification" is a typographical error and does not amount to a substantive defect as Appellant's arrest date was not at issue during the hearing. Moreover, from the record before us, it appears Appellant was, in fact, in custody on July 12, 2021, due to the underlying drug offenses. **See** Affidavit of Probable Cause, 9/24/21, at 1-2 (stating that after completing the July 12, 2021, search of the East Market Street home, police took Appellant into custody); N.T. at 8 (on July 12, 2021, Appellant was taken into custody and

waived his **Miranda**[8] rights).  Nevertheless, regardless of when Appellant was arrested or charged with the underlying offenses, this typographical error does not negate the substantive evidence — which the trial court concluded demonstrated Appellant violated his probation.  **See** N.T. at 10.

With regard to Appellant's challenge to the discretionary aspects of his revocation sentence, no relief would be due.  Appellant purportedly alleges that his revocation sentence is a "bit excessive" considering he was "17 1/2" months through his original 18-month term of probation.  **See Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa. Super. 2002) (a claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); **see** Appellant's *Pro Se* 1925(b) Statement, at 2.  Appellant did not rase any objection at the time of sentencing, nor did he file a post-sentence motion raising this argument.  For this reason, this challenge would be waived.  **See Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (to raise a challenge to the discretionary aspects of sentencing, an appellant must, *inter alia*, preserve the claim either at the time of sentencing or in a post-sentence motion).

Lastly, it merits mention that Appellant's *pro se* brief materially fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.  **See** Pa.R.A.P. 2111(a).  The Rules mandate that a brief submitted by a party — whether counseled or *pro se* — "shall conform in all material

---

[8] **Miranda v. Arizona**, 384 U.S. 436 (1966).

respects with the requirements of [the] rules as nearly as the circumstances of the particular case will admit[.]" Pa.R.A.P. 2101. If the defects in the brief are substantial, "the appeal . . . may be quashed or dismissed." *Id.* Rule 2111 sets forth the required sections in an appellate brief, including a statement of jurisdiction, the order on appeal, a statement of the scope and standard of review, a statement of the questions involved, a statement of the case, a summary of the argument, argument of the issues raised, and a conclusion. *See* Pa.R.A.P. 2111(a)(1)-(6), (8)-(9). Rules 2114 through 2119 provide further detail as to the information required in each section. *See* Pa.R.A.P. 2114-2119.

We reiterate that Appellant proceeded *pro se* on appeal. Although this Court will "liberally construe materials filed by a *pro se* litigant, [an] appellant it not entitled to any particular advantage because [he] lacks legal training." *Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super. 2021) (citation omitted).

Here, Appellant's three-page brief fails to comply with Pa.R.A.P. 2111 in any respect. His brief either entirely omits or does not adequately include a statement of jurisdiction, reference to the order or other determination in question, statement of the scope and standard of review, statement of the questions involved, a statement of the case, a summary of the argument, argument for Appellant, or a conclusion identifying the relief sought. *See* Pa.R.A.P. 2111(a)(1)-(6), (8)-(9), 2114, 2115(a), 2116(a), 2117(a), 2118, 2119(a)-(e). Moreover, Appellant failed to provide a statement of the

questions involved, any argument to support a potential claim, or any citation to relevant authority. This Court cannot simply infer Appellant's claims from the limited information before us or develop arguments on his behalf. *See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (this Court "will not act as counsel" or develop arguments on behalf of an appellant). Further, we emphasize:

> [T]he omission of a statement of questions presented is particularly grievous since the statement . . . defines the specific issues this [C]ourt is asked to review. When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review.

*Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citations omitted).

Even a liberal reading of Appellant's brief fails to remedy these significant deficiencies. We emphasize that Appellant's "*pro se* status does not entitle [him] to any particular advantage because of his . . . lack of legal training[, and] *pro se* litigants are bound by our procedural rules." *Deek Inv., L.P. v. Murray*, 157 A.3d 491, 494 (Pa. Super. 2017) (citations & quotation marks omitted). We have observed, when a *pro se* litigant represents themselves in a legal proceeding, they must, "to some reasonable extent, assume the risk that [their] lack of expertise and legal training will prove [their] undoing." *Elliot-Greenleaf*, 255 A.3d at 542 (citation omitted).

Because we cannot discern any argument presented before us, we conclude Appellant's claims are waived on this basis as well. ***See*** Pa.R.A.P. 2119(a) (the argument section of an appellate brief must provide "discussion and citation of authorities as are deemed pertinent."); ***see In re R.D.***, 44 A.3d at 674 ("when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived"); ***see Butler v. Illes***, 747 A.2d 943, 944 (Pa. Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation and internal quotation marks omitted).

Because Appellant failed to file a concise statement that conforms with Rule 1925(b), and because his appellate brief does not comply with the rules of appellate procedure, we affirm Appellant's judgment of sentence.[9]

Judgment of sentence affirmed.

President Judge Emeritus Stevens joins this memorandum.

Judge Kunselman files a concurring statement.

---

[9] We remind the trial court to dispose of Appellant's outstanding *pro se* motions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/29/2023</u>