J-A12028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOLISHUM SUMER SHIELDS | : | |
| | : | |
| Appellant | : | No. 2320 EDA 2022 |

Appeal from the PCRA Order Entered August 1, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004375-2019

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:              **FILED OCTOBER 17, 2023**

Appellant Solishum Sumer Shields appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  On appeal, Appellant challenges the validity of his plea agreement and the legality of his sentence.  After careful review, we vacate the PCRA court's order and remand with instructions.

On March 9, 2021, Appellant entered a negotiated guilty plea to fleeing and eluding a police officer and driving under the influence of a combination of drugs and alcohol (DUI).[2,3]  Pursuant to the terms of the plea agreement,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 75 Pa.C.S. §§ 3733(a); 3802(d)(3), respectively.

[3] The fleeing conviction was classified as a third-degree felony, while the DUI charge was classified as a first-degree misdemeanor.  **See** 75 Pa.C.S. §§ 3733(a.2)(2)(i); 3803(b)(4).

the trial court sentenced Appellant to concurrent terms of one to five years' incarceration for DUI and eleven and one-half months to twenty-three months' incarceration for fleeing and eluding a police officer. Appellant did not file post-sentence motions or a direct appeal. Appellant's judgment of sentence became final for PCRA purposes on April 8, 2021. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(c)(3).

On November 21, 2021, Appellant filed a timely *pro se* PCRA petition. The PCRA court subsequently appointed C. Curtis Norcini, Esq. (Attorney Norcini), to represent Appellant.[4] PCRA Ct. Order, 11/22/21, at 1. On April 22, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant subsequently filed a *pro se* response.

On May 24, 2022, the PCRA court issued an order directing Attorney Norcini to file an amended PCRA petition within sixty days, and that he was required to continue to provide representation until he was either given leave

---

[4] The record reflects that Attorney Norcini filed a praecipe to withdraw Appellant's *pro se* PCRA petition with the Chester County Clerk of Courts on February 17, 2022. However, Attorney Norcini's request should have been directed to the PCRA court. *See* Pa.R.Crim.P. 905(a) (reflecting that in the PCRA context, "[**t**]**he judge** may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time" (emphasis added)). In any event, because the PCRA court did not issue an order granting Attorney Norcini leave to withdraw Appellant's *pro se* PCRA petition, Appellant's *pro se* PCRA petition has not been withdrawn.

to withdraw his representation by subsequent order of court or if he filed a no-merit letter pursuant to **Turner**/**Finley**.[5]

On June 1, 2022, Appellant filed a motion to proceed *pro se*. The PCRA court held a hearing on Appellant's motion on July 7, 2022, but did not conduct a **Grazier**[6] colloquy to determine whether Appellant's waiver of PCRA counsel was knowing, intelligent, and voluntary. Ultimately, the PCRA court issued an order denying Appellant's request to proceed *pro se* on August 1, 2022.[7] That same day, although Attorney Norcini had not filed a **Turner**/**Finley** letter or an amended petition on Appellant's behalf, the PCRA court issued an order denying Appellant's PCRA petition without a hearing.

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[7] On August 11, 2022, Appellant filed a notice of appeal from the PCRA court's order denying his motion to proceed *pro se*, which this Court docketed at 2089 EDA 2022. On April 28, 2023, this Court dismissed Appellant's appeal at Docket No. 2089 EDA 2022 due to Appellant's failure to file a brief.

On August 29, 2022, Appellant filed a timely *pro se* notice of appeal.[8] The PCRA court subsequently issued a Pa.R.A.P. 1925(a) opinion stating the reasons for denying Appellant's PCRA petition.[9]

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Was PCRA counsel, C. Curtis Norcini, Esq., ineffective for failing to file [Appellant's] amended PCRA petition for relief (6/6/22) in violation for the decisions in *Commonwealth v. Librizzi*, 810 A.2d 692 (Pa. Super. 2002)?

2. Whether [Appellant] is entitled to enforcement of specific performance upon his plea agreement, pursuant to due process, and promissory estoppel, where his guilty plea agreement was duly affirmed, under oath and jeopardy, and where [Appellant] was induced by the prosecutor, to the agreement of a concurrent and county sentence, to be served in the Chester County Prison, but the sentencing judge failed to merge [Appellant's] DUI conviction with the felony fleeing while [the] DUI conviction, which produced an illegal sentence of double jeopardy/double punishment for the same DUI in violation of the 5th Amend. of [the] U.S. Const., Art. I § 10 of

_____

[8] We note that the PCRA court appointed Thomas P. McCabe, Esq. to replace Attorney Norcini as Appellant's counsel on August 31, 2022. However, while this appeal was pending, this Court issued an order directing the PCRA court to provide written notice of the results from the *Grazier* hearing that was held in response to Appellant's request to proceed *pro se* in his appeal at Docket No. 2089 EDA 2022. In response, the PCRA court issued an order finding that, with respect to **appellate counsel**, Appellant's waiver of counsel was knowing, intelligent, and voluntary and concluded that Appellant was permitted to proceed *pro se* on the instant appeal of the PCRA court's conclusions. We note that the *Grazier* hearing determinations were limited to Appellant's appeal of the PCRA court's decisions to this Court and did not address whether Appellant waived his rule-based right to counsel in the underlying PCRA proceeding.

[9] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

PA Const., and a due process violation of the plea agreement under the 5th and 14th Amends. of [the] U.S. Const., and Art. I § 9 of [the] PA Const.?

3. Did the PCRA court err, as a matter of law, under 42 Pa.C.S. § 9542, and pursuant to the decisions in *Commonwealth v. Prinkey*, 277 A.3d 554 (Pa. 2022); *Commonwealth v. Cosby*, 252 A.3d 1092 (Pa. 2021); *Commonwealth v. Zuber*, 466 Pa. 453 (Pa. 1976); and *Santobello v. New York*, 404 U.S. 257 (1971), when it denied PCRA relief to correct this illegal sentencing order?

4. Is [Appellant] entitled to specific enforcement of the valid sentences of his plea agreement, and to the inducement/stipulation of receiving a county sentence, offered and agreed to by the prosecutor, where [Appellant] has already served a significant portion of the sentences, and completely fulfilled a significant portion of the terms?

5. Was [Appellant] punished twice for the same crime of DUI when the sentencing judge failed to merge the DUI charge with his felony fleeing while DUI charge, on his sentencing order, in violation of the inducement/condition/assurance offered and agreed to by the prosecutor, that [Appellant] would receive a county sentence to be served in the county?

6. Did the PCRA court err by determining that [Appellant] waived his illegal sentence claim where illegal sentence issues are non-waivable?

7. Did the PCRA court violated [Appellant's] 6th Amend. right of [the] U.S. Const. and his Article I § 9 right of [the] PA Const., when it denied his request to represent himself?

8. Did the sentencing court lack authority and/or jurisdiction to issue a sentence for [Appellant's] DUI conviction where, by doing so, it violated [Appellant's] right not to be punished twice, nor to be put in jeopardy twice for the same crime of DUI?

9. Is [Appellant] entitled to the benefit of his plea agreement where he relied on an assurance that he would receive a county sentence to be served in the Chester County Prison, and said agreement was completely valid, but for the sentencing court's failure to merge his DUI for sentencing, which failure violated

his due process and double jeopardy rights to his substantial detriment?

10.   Did the PCRA court create a structural error within the proceedings, pursuant to the 14th Amend. of [the] U.S. Const. and Art. I § 9 of [the] PA Const., when it modified [Appellant's] *Grazier* hearing into a PCRA hearing and failed to conduct the required colloquy to enable [Appellant] to proceed *pro se*, lawfully/legally?

Appellant's Brief at 3-4 (some formatting altered).

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

It is well-established that a petitioner has a rule-based right to counsel in litigating a first PCRA petition which must be honored even when the claims appear on their face to lack merit. Pa.R.Crim.P. 904(C); *Commonwealth v. Cherry*, 155 A.3d 1080, 1082 (Pa. Super. 2017). Appointed counsel has a duty to either amend the *pro se* petition and litigate the claims on the merits or seek to withdraw by complying with the mandates of *Turner*/*Finley*. *Id.* at 1083. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." *Id.* (citation omitted); *see also Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) (stating that because appointed counsel failed to file an amended petition or comply with *Turner*/*Finley*, the PCRA court's order

- 6 -

denying the petition "must be vacated" and that "remand to the PCRA court for appointment of new PCRA counsel is required" (citations omitted)).

Finally, this Court has noted that "a PCRA court's independent review of the record is no substitute for the right to counsel in litigating a first PCRA petition." **Commonwealth v. LeClair**, 137 WDA 2022, 2022 WL 10225177 at *3 (Pa. Super. filed Oct. 18, 2022) (unpublished mem.) (citation omitted).[10] Indeed, "[a] PCRA court cannot act as counsel to a petitioner, and competent counsel advancing the petitioner's interests may reframe or identify new issues that were not articulated in legally adequate terms by a *pro se* litigant." **Id.**

In the instant case, the record reflects that Appellant filed a timely *pro se* PCRA petition on November 21, 2021, and then the PCRA court appointed Attorney Norcini on Appellant's behalf. **See** PCRA Ct. Order, 11/22/21. On May 24, 2022, the PCRA court issued an order directing Attorney Norcini to file an amended PCRA petition or comply with **Turner**/**Finley** within sixty days. PCRA Ct. Order, 5/24/22. Although Attorney Norcini failed to file either an amended petition or comply with **Turner**/**Finley**, the PCRA court ultimately denied Appellant's *pro se* PCRA petition without a hearing.

On this record, we conclude that Appellant was deprived of his rule-based right to counsel on his first PCRA petition. **See Kelsey**, 206 A.3d 1139; **Cherry**, 155 A.3d at 1082. Although the PCRA court addressed the merits of

---

[10] We may cite to non-precedential cases filed after May 1, 2019, for their persuasive value. Pa.R.A.P. 126(b).

- 7 -

Appellant's *pro se* claims in its Rule 1925(a) opinion, that is not a substitute for Appellant's right to counsel. **See LeClair**, 2022 WL 10225177 at *3. Therefore, because Appellant did not waive his right to representation by PCRA counsel in the underlying PCRA hearing and PCRA counsel failed to file an amended petition or comply with **Turner**/**Finley**, the PCRA court's order dismissing Appellant's PCRA petition must be vacated. Although the record indicates that there was some discussion during the PCRA hearing about Appellant representing himself, the PCRA court did not conduct a proper **Grazier** colloquy, and denied Appellant's motion to proceed *pro se*. Accordingly, it is necessary to remand this matter for the PCRA court to appoint new counsel on Appellant's behalf. **See Kelsey**, 206 A.3d 1139; **Cherry**, 155 A.3d at 1082.

On remand, Appellant's new counsel shall be permitted to file an amended PCRA petition or, if counsel concludes that Appellant's PCRA claims are meritless, counsel must file an adequate no-merit letter that addresses each issue raised in Appellant's PCRA petition and move to withdraw. **See Kelsey**, 206 A.3d 1139; **Cherry**, 155 A.3d at 1083.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Olson concurs in the result.

Judge McLaughlin concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/17/2023</u>